# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | **FILED:** April 9, 2008 08cv2014  J. N. |
| Plaintiff, | ) ) | Case No.    JUDGE GETTLEMAN |
| v. | ) ) | Judge:    MAG. JUDGE SCHENKIER |
| GREGORY P. TURZA | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL TO FEDERAL COURT
## BASED ON FEDERAL QUESTION JURISDICTION

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, defendant, GREGORY P. TURZA by and through its attorneys, Eric L. Samore and Molly A. Arranz of SmithAmundsen LLC, hereby submits this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, of the above-styled action, pending as Case No. 07 CH 32741 in the Circuit Court of Cook County County, Illinois.  In support of this petition and as grounds for removal, Gregory P. Turza states as follows:

1.      On or about November 8, 2007, Plaintiff Ira Holtzman filed this action in the Circuit Court of Cook County, Illinois, styled, Ira Holtzman, individually and as the representative of a class of similarly-situated persons v. Gregory P. Turza, Case No. 07 CH 32741.  No proceedings have occurred in the Circuit Court of Cook County as of the date of this removal.

2.      A copy of Plaintiff's Class Action Complaint, Motion for Class Certification, and Summons were served on Gregory P. Turza on or after March 12, 2008.

3.      The Class Action Complaint alleges three causes of action based on an alleged

transmission from Defendant to Plaintiff of a purported unsolicited facsimile advertisement. Specifically, the Class Action Complaint contains the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), conversion, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). Plaintiff brings these claims on behalf of a class of persons. (*See* **Exhibit A** attached hereto.)

4.      This case is a civil action of which the United States District Court for the Northern District of Illinois has original jurisdiction under the provisions of 28 U.S.C. § 1331 because Plaintiff has alleged a cause of action under the TCPA, as indicated by not only Count I but by the "Preliminary Statement" to the Class Action Complaint. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

5.      Removal to this federal court is authorized by 28 U.S.C. § 1441. The Seventh Circuit has held in another TCPA-based lawsuit that TCPA actions are removable under 28 U.S.C. § 1441 because a claim pursuant to the TCPA arises under federal law. *Brill*, 427 F.3d at 449-51 (stating that removal of the TCPA action was authorized by Section 1441 and allowed by 47 U.S.C. § 227(b)(3)).

6.      This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they form part of the same cause or controversy as the alleged TCPA violation. *See* 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of Illinois law nor do Plaintiff's state law claims predominate over its federal TCPA claim. *See* 28 U.S.C. § 1367(c). This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1441(c).

7.      There are no other defendants named in this action.

8.    Defendant attaches, as **Exhibit A** to this Notice of Removal to Federal Court Based on Federal Question Jurisdiction, copies of the Class Action Complaint and Motion for Class Certification, together with summons, and any documentation of process served.  At the time of filing this Notice of Removal to Federal Court, no other processes, pleadings, or orders, other than the documents attached hereto, have been served upon Defendant.  Plaintiff has not yet requested a trial by jury as indicated by the Class Action Complaint.

9.    This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Class Action Complaint, which sets forth the claims upon which the Notice of Removal is based.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328 (1999).

10.    Written notice of this Notice of Removal is being served upon plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Cook County, Illinois.  The Circuit Court of Cook County, Illinois, is located within this District and Division.

WHEREFORE, defendant, GREGORY P. TURZA, petitions that the above-entitled action be removed and transferred from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

By: _____
Attorney for Defendant

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN, L.L.C.
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone:  (312) 894-3200

FILED: April 9,2008
08cv2014   J. N.
JUDGE GETTLEMAN
MAG. JUDGE SCHENKIER

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

IRA HOLTZMAN, individually and as the )
representative of a class of similarly-situated )
persons, )
                          )
                 Plaintiff, )
                          )  No.
       v. )
                          )
GREGORY P. TURZA, )
                          )
               Defendant. )

**07CH32741**

## CLASS ACTION COMPLAINT

Plaintiff, IRA HOLTZMAN ("Plaintiff"), brings this action on behalf of himself and all

other persons similarly situated, through his attorneys, and except as to those allegations

pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendant, GREGORY P. TURZA.

## PRELIMINARY STATEMENT

1.       This case challenges Defendant's practice of faxing unsolicited advertisements.

2.       The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.       Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

### PARTIES

9.    Plaintiff is a resident of Cook County, Illinois.

10.    On information and belief, Defendant, GREGORY P. TURZA, operates a law practice in Skokie, Illinois.

### FACTS

11.    On or about November 1, 2007, Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

2

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

3

       (ii)     Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

       (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

       (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

       (v)     Whether Defendant violated the provisions of 47 USC § 227;

       (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

       (vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

       (viii)  Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

4

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

3.    <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the

5

printing of Defendant's faxes.  Moreover, Defendant's faxes used Plaintiff's fax machine.

Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving,

reviewing and routing Defendant's illegal faxes.  That time otherwise would have been spent on

Plaintiff's business activities.  Finally, Defendant's faxes unlawfully interrupted Plaintiff's and

the other class members' privacy interests in being left alone.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class

members, did not intend to violate their privacy, and did not intend to waste the recipients'

valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a

strict liability statute.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others

similarly situated, demands judgment in his favor and against Defendant, GREGORY P.

TURZA, as follows:

A.     That the Court adjudge and decree that the present case may be properly

maintained as a class action, appoint Plaintiff as the representative of the class, and appoint

Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendant from engaging in the

statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and

proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and

fees.

## COUNT II
## CONVERSION

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use.  Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use.  Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes.  Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, GREGORY P. TURZA, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

9

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, GREGORY P. TURZA, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons

By:  _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone:  312/658-5500
Attorney No. 42073

**EXHIBIT A**

Gregory P. Turza    847-674-9115      Page 1 of 1      Thu Nov 01 2007 20:22:56 CDT

Deliver to: Ira Holtzman

# The "Daily Plan-It™"

### GREGORY P. TURZA, JD

**Volume 9, Issue 22**      11/1/2007

## You Can Take it With You: Tips for A Mobile Office

Computers have become such a part of the corporate world, it would be almost impossible to find an organization without one. These days, with people working from home and while traveling, laptops are outselling their larger and bulkier desktop brethren. Most executives have both, although many are using their laptops as their primary computers, thanks to their portability. Here are some practical tips for getting the most out of your laptop, whether you're at the office, at home, or on the road.

### Buying tips

The portable computer is now available at very affordable prices, with low-end models beginning at around $500. The more expensive models are on a par with desktops as far as speed and storage are concerned. When purchasing a laptop, pay attention to the following:

• Stick to name brand manufacturers. Customer support will be more reliable.
• If you plan to use it a lot on the go, find one that's under 5 lbs.
• Look for a model with a spill-resistant keyboard and a shock resistant hard drive.
• Purchase an extended warranty, generally for three years. Even if you have just one problem, it will pay for itself.
• Make sure that the screen is not too small for your eyes, and that the keyboard fits comfortably under your fingertips.
• If you plan to use it at the office and on the go, set up a "docking station" at your desk which would include a keyboard, mouse, and monitor.

### Printing on the go

If you're on the go and need to print important documents, it's not always convenient to find a Kinko's. Purchase a small travel printer which can easily fit in your computer bag. Both Hewlett

Packard and Canon have a variety of models that are less than 5 lbs and sell for under $250.00

### Protecting your stuff

Whether you're stationary or on the road, you need to back up your stuff. Purchase a USB flash drive, which is the size of a thumb, and you'll be able to back up and print from any computer.

Take measures to protect your unit from theft. Carry it an inconspicuous case, and never leave it unattended, even for a moment. All information should be protected with a secure password. If you're using it in a hotel room, hide it before you leave. And always back up your data.

Thanks to these measures, you can now take your work anywhere you go. Just don't forget to take some time off, or you may burn out.



ESTATE PLANNING
POST MORTEM ADMINISTRATION
BUSINESS SUCCESSION PLANNING

## Gregory P. Turza

ATTORNEY & COUNSELOR AT LAW



**Concourse Plaza**
**4711 Golf Road**
**Suite 550**
**Skokie, Illinois 60076**

Telephone: **(847) 674-0200**
Facsimile: (847) 674-9115
greg@myestateplan.net
www.myestateplan.net

© 2007 GREGORY P. TURZA, JD, Phone: 847-674-0200. All rights reserved.
No portion of this newsletter may be reused in any way without prior express written consent.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

IRA HOLTZMAN, individually and as the )
representative of a class of similarly-situated )
persons, )
       )
        Plaintiff, )   **07CH 32741**
          )
   v. )
          )
GREGORY P. TURZA, )
        Defendant. )

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, IRA HOLTZMAN, by his attorneys, Anderson + Wanca and Diab & Boek,

LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for class

action treatment the following classes, as described in Plaintiff's Class Action Complaint:

    All persons who (1) on or after four years prior to the filing of this
    action, (2) were sent telephone facsimile messages of material
    advertising the commercial availability of any property, goods, or
    services by or on behalf of Defendant, (3) with respect to whom
    Defendant did not have prior express permission or invitation for
    the sending of such faxes, and (4) with whom Defendant did not
    have an established business relationship.

    All persons who (1) on or after five years prior to the filing of this
    action, (2) were sent telephone facsimile messages of material
    advertising the commercial availability of any property, goods, or
    services by or on behalf of Defendant (3) with respect to whom
    Defendant did not have prior express permission or invitation for
    the sending of such faxes, and (4) with whom Defendant did not
    have an established business relationship.

    All persons who (1) on or after three years prior to the filing of this
    action, (2) were sent telephone facsimile messages of material
    advertising the commercial availability of any property, goods, or
    services by or on behalf of Defendant, (3) with respect to whom
    Defendant did not have prior express permission or invitation for
    the sending of such faxes, and (4) with whom Defendant did not
    have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, IRA HOLTZMAN, prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

IRA HOLTZMAN, individually and as the representative for a class of similarly-situated persons

By: _____

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone: 312/658-5500
Attorney No. 42073

2

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS     CCG N001-10M-1-07-05 (                    ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, __CHANCERY__ DIVISION

(Name all parties)

Ira Holtzman, individually and as the representatiave of a
class of similarly-situated persons,

v.

GREGORY P. TURZA

No. _07CH 32741_

Serve:  Gregory P. Turza
4711 Golf Road  Suite 550
Skokie, IL  60076

FIRST ALIAS
**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

❑  **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

❑  **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

❑  **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

❑  **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑  **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑  **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca @ Anderson + Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Road  Suite 760

City/State/Zip: Rolling Meadows, IL  60008

Telephone: 847/368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ DOROTHY BROWN FEB 2 1 2008

_____
Clerk of Court

Date of service: __MAR 12__, 2008
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) ) | Judge: |
| GREGORY P. TURZA | ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of April 2008, she served the Defendant, Gregory P. Turza's **Notice of Filing of Removal to Federal Court** and **Notice of Removal to Federal Court Based on Federal Question Jurisdiction** on:

Brian J. Wanca
Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

via first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m., on the 9th day of April, 2008.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: April 9, 2008.

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady, ARDC # 6289608
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Counsel for Defendant,
GREGORY P. TURZA