## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 2014 |
| v. | ) ) | Judge: Gettleman |
| GREGORY P. TURZA | ) ) | |
| Defendant. | ) | |

### GREGORY P. TURZA'S MOTION TO DISMISS
### PURSUANT TO FED. R. CIV. PRO. 12(b)(6)

**NOW COMES** Defendant, GREGORY P. TURZA by and through his attorneys, Eric L. Samore and Molly A. Arranz of SmithAmundsen LLC, and moves this Court for dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, Defendant states as follows:

### I.      FACTUAL BACKGROUND.

This case arises out of Plaintiff's allegations of: a violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227; conversion; and, a violation of the Illinois Consumer Fraud Act ("ICPA"). (Pl.'s Compl. attached hereto as **Exhibit A**.) These three claims fail to state causes of action because there has been no transmission of an unsolicited facsimile advertisement from Defendant to Plaintiff; there has been no claim of a conversion of Plaintiff's property; and, there has been no claim of a deceptive or unfair practice under ICFA.

Plaintiff avers that on or about November 1, 2007, Defendant transmitted by facsimile an unsolicited advertisement to Plaintiff. (*See* Exh. A, ¶ 11.) Plaintiff attaches to the Class Action Complaint, as Exhibit A, a copy of the purported facsimile. (*See id.*) The subject facsimile is

Case No. 08 CV 2014

entitled "The Daily Plan-It." (*See* Exhibit A to Exh. A hereto.) Specifically, the subheadings on "The Daily Plan-It" newsletter are: "You *Can* Take it With You: Tips for a Mobile Office," "Buying Tips," "Printing on the Go," and "Protecting your Stuff." (*Id.*)

Simply looking at Exhibit A, it is apparent that the document at issue is a newsletter or news article that provides information to its recipients. (*Id.*) This document contains no advertising of property, goods or services. (*Id.*) The newsletter does not offer anything for sale. (*Id.*) It is, plainly, not an advertisement. (*See id.*) Instead, the document, in a two-column, newspaper article format, contains information for the readers regarding setting up a mobile office, buying a computer, printing documents "on the go," and protecting documents and computer hardware. (*Id.*) Defendant is an attorney and operates a law practice in Skokie, Illinois. (*See* Exh. A, ¶ 10.) As an attorney, Mr. Turza does not sell mobile office equipment, printers, or computers. Indeed, nowhere does the subject facsimile promote any commercial good or service from this attorney to the recipient. It serves as an informational guide from a lawyer's perspective.

## II.   THE DOCUMENT AT ISSUE IS NOT AN UNSOLICITED ADVERTISEMENT AND, THEREFORE, THERE IS NO CAUSE OF ACTION UNDER THE TCPA.

Under the TCPA, a document transmitted by facsimile is only in violation of the federal statute if the transmission was an unsolicited ***advertisement*** of goods, services, or property. *See* 47 U.S.C. § 227(b)(1)(C)(emphasis added.) The TCPA makes it "unlawful for any person … to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." *Id.* In other words, the TCPA does not prohibit all faxes, it only prohibits transmission of unsolicited advertisements. *Id.* "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior

Case No. 08 CV 2014

express invitation or permission..." 47 U.S.C. § 227(a)(4).

In order to be deemed an "advertisement," the information transmitted must be material that advertises the commercial availability or quality of property, goods or services. *Phillips Randolph Enter., LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851, 852 (N.D. Ill. 2007). Specifically, as recognized by the Northern District: "Congress' primary purpose in enacting the TCPA was to prevent the shifting of advertising costs to recipients of unsolicited fax advertisements, and therefore ***does not apply to other forms of communication transmitted by fax.***" *Id.* (emphasis added)(citing H.R. REP. NO. 317, at 10, 102d Cong., 1st Sess. 25 (1991); *Destination Ventures, Ltd. v. FCC*, 46 F.3d 54, 56 (9th Cir. 1995); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1166, 1170 (S.D. Ind. 1997)). "[M]essages that do not promote a commercial product or service . . . are not [un]solicited advertisements under the TCPA." *Id.* (citing *In re the Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 21 F.C.C.R. 3787, at 3810 (April 6, 2006)). More specifically, "facsimile communications that contain only information, such as industry news articles,...would not be prohibited by the TCPA rules." 21 F.C.C.R. at 3814. A newsletter sent via facsimile does not constitute an unsolicited advertisement as its "primary purpose is informational, rather than to promote commercial products." *Id.*

In *Phillips*, the Northern District of Illinois considered a claim of a violation of the TCPA. 526 F. Supp. 2d at 852. The facsimile at issue was sent to "Business Owners & Business Decision Makers" and invited them "to participate in a research discussion on the topic of a new healthcare program by the Chicagoland Chamber of Commerce." *Id.* The document provided the invitee with information for responding to the invitation. *Id.*

Case No. 08 CV 2014

The Court found that the subject facsimile did not promote a "'commercially available service'" but promoted a research study. *Id* at 853. Even though the Plaintiff had argued that the fax "advertis[ed] a 'service' in the form of a 'research discussion,'" which served as a pretext to advertise commercial products and services, the Court disagreed stating that the fax—on its face—did not promote any such product or service. *Id.* The Plaintiff failed to state a claim under the TCPA because the fax regarded a research discussion and nothing more. *Id.* Furthermore, the Court noted that "unlike an advertisement," the fax was not an "indiscriminate, open-ended invitation" but was sent to qualified individuals. *Id.*

Similarly, in *Ameriguard, Inc., v. University of Kansas Research Institute, Inc.*, 2006 U.S. Dist. LEXIS 42552, Case No. 06-0369 (W.D. Mo. June 23, 2006)(attached as **Exhibit B**), the Court held that an invitation to participate in a clinical research study was not an advertisement under the TCPA. The Court noted that the invitation did not indicate that Defendant was providing goods or making goods available and that the fax did not suggest anything commercial. *Id.* at *4. Specifically, the Court stated that "[t]he critical issue is whether the fax advertises the 'commercial availability' of goods, services or property." *Id.* at *3. Instead of finding that the subject fax advertised the commercial availability of goods, the Court recognized that the subject fax "announc[ed] the existence of a clinical drug trial and Defendant's need for individuals willing to serve as test subjects." *Id.* at *4-5. It did not "announce" that Defendant was providing or otherwise had available goods, services, or property. *Id.* Finally, there was no suggestion that this invitation was really a "mask" for a true purpose of engaging in the commercial activity of providing information or selling medicine. *Id.* at *5.

Here, akin to the faxes considered in *Phillips* and *Ameriguard*, the claimed facsimile at issue is not an unsolicited advertisement. Simply reviewing the face of the document, it is plain

that this paper does not advertise the commercial availability of property, goods or services. Instead, the subject document is a newsletter that discusses, from a lawyer's perspective, instructional tips for setting up a mobile office, buying a computer, printing documents "on the go," and protecting documents and computer hardware. (*See* Exh. A to Exhibit A hereto.) Under the FCC interpretation of the TCPA, this document is "not be prohibited by the TCPA rules" because its "primary purpose is informational, rather than to promote commercial products." 21 F.C.C.R. at 3814.

In fact, nowhere does the subject facsimile indicate that Mr. Turza is selling or advertising services or goods or making available services or goods. (*See id.*) Like *Phillips*, there is not even a "pretext" to advertising goods or services because the make-up of the document is clearly informational or instructional in nature. As in *Ameriguard*, the subject fax, itself, clearly establishes that the document in no way advertised the commercial availability of goods, services or property offered by Mr. Turza. Therefore, the subject facsimile does not fall within the purview of the TCPA, and Count I should be dismissed with prejudice.

## II.    COUNT II OF THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO ALLEGE A CAUSE OF ACTION FOR CONVERSION.

In this case, premised upon the purported, unsolicited faxing of one document to the Plaintiff, it would "impermissibly warp the concept of 'conversion' if that label were to be attached to [Plaintiff's] property (ink, toner and paper) that never came into [Defendant's] possession at all." *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006). Such a claim based upon "conversion" of "toner, paper, memory, and employee time" based upon the alleged receipt of one, one-page facsimile fails because defendant did not unlawfully hold possession of Plaintiff's property and did not assume "'control, dominion or ownership over the property.'" *Id.* (citation omitted.)    Therefore,

dismissal of the conversion claim is proper.

In order to state a claim for conversion, Plaintiff must allege: 1) the defendant's unauthorized and wrongful act of control, dominion or ownership over the plaintiff's personal property; 2) the plaintiff's right in the property; 3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally; and 4) the plaintiff's demand for possession of the property. *Roderick Dev. Inv. Co. v. Cmty. Bank of Edgewater*, 282 Ill. App. 3d 1052, 668 N.E.2d 1129 (1st Dist. 1996). That plaintiff's conversion claim is without merit is obvious from simply analyzing the first requirement of stating a conversion claim: that defendant engaged in an unauthorized and wrongful act of control, dominion or ownership over the plaintiff's personal property. *Id.*[1]

The essence of Plaintiff's conversion claim is that Mr. Turza—by the purported sending to Plaintiff of a one-page fax newsletter — "converted [Plaintiff's] fax machines, toner and paper to [his] own use." (Exh. A, ¶ 34.) However, the Northern District of Illinois has previously found that in cases such as this one the alleged property, including ink, toner, and paper, never comes into Defendant's possession and is, therefore, never unlawfully held by Defendant; there is no control, dominion or ownership exercised by Defendant over the property. *Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 980. Only by improperly "stretching [conversion] language beyond its normal meaning" could the alleged facts show conversion. *Id.* In other words, in the binding legal precedent of *Rossario's Fine Jewelry, Inc.*, the Northern District has found that the mere receipt and printing of a fax transmission does not constitute the type of control or dominion over property contemplated by the tort of conversion; it does not entail the taking or complete destruction of property. *Id.*.

---

[1] Defendant also avers that plaintiff's conversion claim fails to meet the other requirements of pleading a conversion claim; however, analysis of this first prong required for a conversion claim—alone—demonstrates the deficiency.

Case No. 08 CV 2014

The matter at hand involves the exact same allegations of fact and law that the Northern District of Illinois considered in *Rossario's Fine Jewelry, Inc.*, in which the Court dismissed the conversion claim. Therefore, dismissal of this Count is proper given this clear, legal precedent.

### III. COUNT III FAILS TO STATE A CLAIM FOR AN ICFA VIOLATION BECAUSE DEFENDANT HAS NOT ENGAGED IN A DECEPTIVE ACT OR UNFAIR PRACTICE; AND, THERE HAS BEEN NO SUBSTANTIAL INJURY OR INTERRUPTION OF BUSINESS.

Plaintiff makes the conclusory assertion that Mr. Turza has engaged in unfair and deceptive practices—in violation of the Illinois Consumer Fraud Act—via the sending of a purportedly unsolicited fax to Plaintiff. (*See* Exh. A, ¶¶ 46-49.) Such contention is insufficient to state a cause of action under ICFA, and therefore, requires dismissal.

To state a cause of action for an ICFA violation, Plaintiff must allege: (1) Defendant engaged in a deceptive act or unfair practice; (2) Defendant intended for Plaintiff to rely on the deception or unfair practice; and, (3) the unfair or deceptive act occurred during a course of conduct involving trade or commerce. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951, 960 (2002). In essence, ICFA requires "that the complained-of action be 'unfair'" and that the Plaintiff's complained-of injury constitute "'significant harm.'" *Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 978; *W. Ry. Devices, Corp. v. Lusida Rubber Prods.*, 2006 U.S. Dist. LEXIS 43867, No. 06 C 0052, *16 (N.D. Ill. June 13, 2006) (citing *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348 at *3 (Ill. Cir. Ct. Oct. 19, 2004))[2]. Plaintiff has not pled such an action. Plaintiff simply alleges that "Defendant's unsolicited fax practice is an unfair practice" and caused damages of loss of paper, toner, and ink. (*See* Exh. A, ¶¶ 46-49.)

---

[2] ICFA states: "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a.

Case No. 08 CV 2014

Plaintiff's ICFA claim does not satisfy the three-prong test of *Robinson*. In particular, Plaintiff's assertion of an action or practice that is purportedly "unfair" does not allege the level of conduct expressly required by the statute; indeed, the alleged sending of a one-page facsimile is an action that falls far outside behavior regulated by ICFA. *See Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 979. In other words, Plaintiff cannot state or prove that the purported transmission of one, unsolicited facsimile advertisement constitutes "unfair conduct." To constitute conduct that is unfair, under ICFA, Courts consider whether a defendant's conduct: (1) violates public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and, (3) substantially injures the plaintiff. *Robinson*, 201 Ill. 2d at 417-18.

Plaintiff has not alleged specific and adequate facts to demonstrate unfair or deceptive practices on the part of Mr. Turza. The "pejorative 'unfair practice' label" applied by this Plaintiff to the facts and circumstances of this case—wherein the allegations involve, only, the purported faxing of a one page facsimile to Plaintiff—fails because these facts do not state a cause of action under ICFA. *See Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 979. Under ICFA and the *Robinson* analysis, Plaintiff's receipt, on one occasion, of a one-page facsimile newsletter, does not rise to the required level of oppressiveness. *See id.* (finding the "public policy" consideration of *Robinson* can be met while the other two factors of *Robinson* heavily outweigh consideration of that one element and are patently inapplicable in cases involving a one-page fax advertisement).

Furthermore, Plaintiff has not alleged a claim of "substantial" injury. Defendant's purported transmission of one page worth of text clearly does not constitute the substantial injury requirement of ICFA according to *Western Railway Devices, Corp.* and *Robinson*. A "practice causes substantial injury to consumers if it causes significant harm to the plaintiff;" however, the

Case No. 08 CV 2014

"cost of receiving and printing a single page facsimile advertisement cannot be characterized as 'significant harm.'" *W. Ry. Devices, Corp.*, 2006 U.S. Dist. LEXIS 43867, No. 06 C 0052 at *16. Additionally, to state a claim for recovery under ICFA, Plaintiff must allege and show that the defendant's violation of ICFA proximately caused "actual damage," which must also be "substantial." *See W. Ry. Devices, Corp.*, 2006 U.S. Dist. LEXIS 43867, No. 06 C 0052 at *17. Even without quantifying the amount of the alleged damages, Plaintiff's receipt of a one-page fax could only be trivial, costing nothing more than a few pennies. Furthermore, a Plaintiff cannot claim "substantial injury" based upon claims of numerous faxes or a "campaign of 'junk faxes'" because when a putative class representative has no valid claim in his own right, he cannot bring such a claim on behalf of a putative class. *W. Ry. Devices, Corp.*, 2006 U.S. Dist. LEXIS 43867 at *17 (citing *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 581, 809 N.E.2d 225 (1st Dist. 2004)).

In addition, there is no allegation—indeed no evidence to support such allegation exists—for stating an interruption of business. If anything, there was a minimal disruption of Plaintiff's business, a minimal intrusion into Plaintiff's use of time and a negligible use of Plaintiff's paper and toner. Defendant's conduct does not rise to the level of oppression required to bring a cause of action under ICFA. Also, there are no allegations of significant loss of use of its facsimile machine, unavailability of the machine to receive an important message, or lost profits due to business disruption.

In essence, Plaintiff has failed to state a claim under ICFA as he has not alleged sufficient facts to show that a purported transmission of one page of text via facsimile from Defendant to Plaintiff was an unfair or deceptive practice that caused a substantial injury or interruption of business as contemplated by the ICFA. This claim fails as it is built on conclusory and deficient

Case No.  08 CV 2014

allegations.

**WHEREFORE**, Defendant, GREGORY P. TURZA prays that this Honorable Court

enter an order granting dismissal with prejudice of Plaintiff's Class Action Complaint in

Defendant's favor and for such other relief as this Court deems just and proper.

Respectfully Submitted,
SMITH AMUNDSEN, LLC


By:  __/s/___ Darren P. Grady_____
One of the Attorneys for
Gregory P. Turza

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC #6289608
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## **LIST OF EXHIBITS**

**Exhibit A**     Class Action Complaint

**Exhibit B**     *Ameriguard, Inc. v. University of Kansas Research Institute, Inc.* 2006 U.S. Dist. LEXIS 42552, Case No. 06-0369 (W.D. Mo. June 23, 2006)

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

IRA HOLTZMAN, individually and as the )
representative of a class of similarly-situated )
persons, )
                                                )   **07CH32741**
                                                )
                              Plaintiff,         )
                                                )   No.
        v.                                       )
                                                )
GREGORY P. TURZA,                                )
                                                )
                              Defendant.         )

### CLASS ACTION COMPLAINT

Plaintiff, IRA HOLTZMAN ("Plaintiff"), brings this action on behalf of himself and all

other persons similarly situated, through his attorneys, and except as to those allegations

pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendant, GREGORY P. TURZA.

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.      Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

### PARTIES

9.      Plaintiff is a resident of Cook County, Illinois.

10.     On information and belief, Defendant, GREGORY P. TURZA, operates a law practice in Skokie, Illinois.

### FACTS

11.     On or about November 1, 2007, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

2

12.     Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.     On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendant sent unsolicited fax advertisements;

3

(ii)     Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)     Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)     Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)     Whether the Court should award trebled damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

4

21.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.     The TCPA provides:

> 3.     <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)     Both such actions.

23.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

24.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the

5

printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.　　Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, GREGORY P. TURZA, as follows:

A.　　That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.　　That the Court award $500.00 in damages for each violation of the TCPA;

C.　　That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.　　That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.　　Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result.  Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, GREGORY P. TURZA, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

41.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and

10

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.     Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.     Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

11

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, GREGORY P. TURZA, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons

By:     _____
        One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        DIAB & BOCK, LLC
3701 Algonquin Road, Suite 760          134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL  60008              Chicago, IL  60602
Telephone: 847/368-1500                 Telephone:  312/658-5500
Attorney No. 51306                      Attorney No. 42073

12

**EXHIBIT A**

Gregory P. Turza    847-674-9115    Page 1 of 1    Thu Nov 01 2007 20:22:56 CDT

Deliver to: Ira Holtzman

# The "Daily Plan-It™"

## GREGORY P. TURZA, JD

Volume 9, Issue 22

11/1/2007

### You *Can* Take it With You:
### Tips For A Mobile Office

Computers have become such a part of the corporate world, it would be almost impossible to find an organization without one. These days, with people working from home and while traveling, laptops are outselling their larger and bulkier desktop brethren. Most executives have both, although many are using their laptops as their primary computers, thanks to their portability. Here are some practical tips for getting the most out of your laptop, whether you're at the office, at home, or on the road.

#### Buying tips

The portable computer is now available at very affordable prices, with low-end models beginning at around $500. The more expensive models are on a par with desktops as far as speed and storage are concerned. When purchasing a laptop, pay attention to the following:

• Stick to name brand manufacturers. Customer support will be more reliable.
• If you plan to use it a lot on the go, find one that's under 5 lbs.
• Look for a model with a spill-resistant keyboard and a shock resistant hard drive.
• Purchase an extended warranty, generally for three years. Even if you have just one problem, it will pay for itself.
• Make sure that the screen is not too small for your eyes, and that the keyboard fits comfortably under your fingertips.
• If you plan to use it at the office and on the go, set up a "docking station" at your desk which would include a keyboard, mouse, and monitor.

#### Printing on the go

If you're on the go and need to print important documents, it's not always convenient to find a Kinko's. Purchase a small travel printer which can easily fit in your computer bag. Both Hewlett

Packard and Canon have a variety of models that are less than 5 lbs and sell for under $250.00

#### Protecting your stuff

Whether you're stationary or on the road, you need to back up your stuff. Purchase a USB flash drive, which is the size of a thumb, and you'll be able to back up and print from any computer.

Take measures to protect your unit from theft. Carry it an inconspicuous case, and never leave it unattended, even for a moment. All information should be protected with a secure password. If you're using it in a hotel room, hide it before you leave. And always back up your data.

Thanks to these measures, you can now take your work anywhere you go. Just don't forget to take some time off, or you may burn out.



ESTATE PLANNING
POST MORTEM ADMINISTRATION
BUSINESS SUCCESSION PLANNING

## Gregory P. Turza
ATTORNEY & COUNSELOR AT LAW



Concourse Plaza
4711 Golf Road
Suite 550
Skokie, Illinois 60076

Telephone: (847) 674-0200
Facsimile: (847) 674-9115
greg@myestateplan.net
www.myestateplan.net

© 2007 GREGORY P. TURZA, JD, Phone: 847-674-0200. All rights reserved.
No portion of this newsletter may be reused in any way without prior express written consent.

# EXHIBIT B

2006 U.S. Dist. LEXIS 42552, *

**AMERIGUARD, INC., Plaintiff, vs. UNIVERSITY OF KANSAS MEDICAL CENTER RESEARCH INSTITUTE, INC., Defendant.**

**Case No. 06-0369-CV-W-ODS**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION**

**2006 U.S. Dist. LEXIS 42552**

**June 23, 2006, Decided**
**June 23, 2006, Filed**

**SUBSEQUENT HISTORY:** Affirmed by Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Research Inst., Inc., 2007 U.S. App. LEXIS 6118 (8th Cir. Mo., Mar. 15, 2007)

**COUNSEL:** [*1] For Ameriguard, Inc., individually and on behalf of all other similarly situated, Plaintiff: Lyle M. Gregory, Raymore, MO.

For University of Kansas Medical Center Research Institute, Inc., Defendant: Russell S. Jones, Jr., Travis L. Salmon, Shughart Thomson & Kilroy, PC, Kansas City, MO.

**JUDGES:** ORTRIE D. SMITH, JUDGE, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** ORTRIE D. SMITH

**OPINION**

*ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*

Pending is Defendant's Motion to Dismiss for Failure to State a Claim. After considering the parties' arguments, the Court grants the motion (Doc. # 6).

A motion to dismiss for failure to state a claim should be granted when it appears that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir. 1993) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In ruling on a motion to dismiss, the Court is required to view the facts alleged in the complaint in the light most favorable to the Plaintiff. The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered [*2] without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 698 (8th Cir. 2003).

Plaintiff, (Amerigard, Incorporated) alleges Defendant (The University of Kansas Medical Research Institute, Incorporated) violated 47 U.S.C. § 227 by sending it an "unsolicited advertisement" via a telephone facsimile machine (more commonly referred to as a "fax"). Plaintiff desires to assert a class action on behalf of itself and all others who received the fax from Defendant. Defendant contends the fax is not an "unsolicited advertisement" as that phrase is defined in the statute. The fax is attached as an exhibit to the Complaint, so *Mattes* allows the Court to examine its contents without converting the Motion to Dismiss into a Motion for Summary Judgment.

An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person [*3] without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4). The fax in question generally seeks participants in a clinical research trial for "prevention of diabetes." The fax discusses general information about diabetes and "Pre-Diabetes," announces the clinical research trial, and states that "[p]articipants who qualify receive study related medical care,

2006 U.S. Dist. LEXIS 42552, *

study medication and diet and exercise counseling at no cost. Participants will also receive compensation for their time and travel." Then, above a section for the recipient to provide contact information, the fax advises "i]f you or a loved one could benefit from participating in this trial or you would like additional information about diabetes information, please call . . . or fill out the form below . . . ."

The critical issue is whether the fax advertises the "commercial availability" of goods, services or property. The Court concludes, as a matter of law, that it does not. It announces the existence of a clinical drug trial and Defendant's need for individuals willing to serve as test subjects and does not announce Defendant is providing or otherwise has available goods, [*4] services, or property. *See Lutz Appellate Servs., Inc. v. Curry,* 859 F. Supp. 180, 181 (E.D. Pa. 1994) (fax announcing existence of job openings does not advertise commercial availability of goods, property or services). Moreover, regardless of how one views the fax, it does not suggest anything "commercial." Plaintiff contends the invitation for people to obtain "information about diabetes prevention" qualifies as "commercial availability" of Defendant's goods, but the

Court disagrees for two reasons. First, the Complaint does not allege Defendant makes "information about diabetes prevention" commercially available (as opposed to simply delivering it to people), nor does it allege Defendant sells medication directly to the public. Second, there is no suggestion Defendant included the call for volunteers as a smokescreen to mask a true purpose of engaging in the commercial activity of providing information or selling medicine. *See Kenro, Inc. v. Fax Daily. Inc.,* 962 F. Supp. 1162, 1170-71 (S.D. Ind. 1997) (finding the affixing of non-commercial information to a commercial advertisement to be an attempt to evade restrictions on faxing commercial advertisements). [*5]

The fax sent by Defendant is not an "unsolicited advertisement" within the meaning of 47 U.S.C. § 227, so the case is dismissed for failure to state a claim.

IT IS SO ORDERED.

DATE: June 23, 2006

ORTRIE D. SMITH, JUDGE

UNITED STATES DISTRICT COURT