UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br>v.<br><br>GREGORY P. TURZA<br><br>    Defendant. | Case No. 08 CV 2014<br><br>The Honorable Judge Gettleman |

## GREGORY P. TURZA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(6)

**NOW COMES** Defendant, GREGORY P. TURZA by and through his attorneys and respectfully submits this Reply Memorandum in Further Support of his Motion to Dismiss and in opposition to Plaintiff's Response Memorandum.

The crux of Plaintiff's opposition to the Defendant's Motion to Dismiss is that three sets of words, which identify the author of a newsletter, transform a newsletter about safeguarding computer information into an unsolicited "advertisement" about a lawyer's legal services on completely unrelated legal topics. However, review of the document at issue shows the mistakenness of this argument. Instead, the newsletter sent by the Defendant concerned ways to protect electronic information, and it is completely devoid of any promotion of any commercial good or service. Therefore, dismissal of the Complaint was and is proper as there has been no transmission of an unsolicited fax *advertisement* in this matter.

**I. PROCEDURAL BACKGROUND.**

This case arises out of Plaintiff's allegations of a violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227. (Pl.'s Compl. attached to Def.'s Mot. to Dismiss as Exhibit A.) Defendant had filed a Motion to Dismiss the Complaint in its entirety on April 14,

Case No. 08 CV 2014                                                                                    Firm No. 3006947

2008. Thereafter, the Plaintiff voluntarily dismissed two counts—grounded in common law conversion and the Illinois Consumer Fraud Act—and the Court granted the Motion to Dismiss Count I, which was based upon the TCPA.

Pursuant to Plaintiff's Motion to Reconsider and Vacate, this Honorable Court vacated the previous order of dismissal to allow the Parties to submit additional, merit-based argument. However, the Plaintiff's Response to Defendant's Motion to Dismiss (the "Response") does not present any factual or legal argument to defeat the essential argument by Defendant: that the subject "facsimile" does not do any advertising.

Plaintiff avers that on or about November 1, 2007, Defendant transmitted by facsimile an unsolicited advertisement, attached as Exhibit A, to Plaintiff. (*See* Exh. A, ¶ 11.) However, nowhere on Exhibit A is there any advertising—promoting of the commercial availability or quality—of Mr. Turza's services as a lawyer. (*See* Exhibit A to Exh. A.) Instead, the subject facsimile is entitled "The Daily Plan-It" and is a newsletter, in a two-column newspaper article format. (*Id.*) The newsletter contains information regarding setting up a mobile office, buying a computer, printing documents "on the go," and protecting documents and computer hardware. (*See* Exhibit A to Exh. A hereto.)

## II.  PLAINTIFF MISCONSTRUES THE ACTUAL CONTENT OF THE SUBJECT FACSIMILE TO CLAIM THAT THIS NEWSLETTER CAN BE TRANSFORMED INTO AN "ADVERTISEMENT."

Plaintiff's Response provides conclusory interpretations of the subject fax and misconstrues the actual language contained on the document to label it an "advertisement." Plaintiff's arguments are ineffectual and Defendant's Motion to Dismiss should be granted because like the faxes considered in *Phillips* and *Ameriguard*, the claimed facsimile, here, is not an unsolicited advertisement.

### A.  Plaintiff's Response Provides Absolutely No Salient Argument That Exhibit A Is An *Advertisement* In Violation Of The TCPA.

Case No. 08 CV 2014                                                                 Firm No. 3006947

      As stated more fully in Defendant's Motion to Dismiss, only if Defendant sent "material advertising the commercial availability or quality of any property, goods, or services" can this TCPA action proceed against the Defendant. (Def.'s Mot. to Dismiss at 3)(citing 47 U.S.C. § 227(a)(4)). In other words, the fax material—the appended document—must be a document that, itself, promotes the availability or quality of Mr. Turza's services. None of Mr. Turza's legal services are promoted on the subject document as there is absolutely no marketing regarding Mr. Turza's services as an estate planner, for example. Nonetheless, Plaintiff blindly claims that even though the newsletter is about protections to be taken for computer data, it can be interpreted as an "advertisement" of legal services completely unrelated to computer technology or information.

      Plaintiff claims that "Defendant's fax advertised the availability or quality of Defendant's legal services of 'estate planning,' 'post mortem administration,' and 'business succession planning.'" (Pl.'s Resp. at 2.) Plaintiff asserts that Exhibit A "advertised that Defendant's services are *available* for Plaintiff and other recipients" and "[t]herefore, it was an 'advertisement.'" (*Id.*) Plaintiff even states that the newsletter—which is **exactly what the entire document at issue is**—is nothing more than a pretext for Defendant to advertise its laws services. (*Id* at 4.) However, by simply reading Exhibit A, such arguments become hallow. Nowhere does the subject facsimile promote that Mr. Turza will provide—in exchange for any consideration—any commercially available service. (*See* Exhibit A of Def's Mot. to Dismiss.)

      Plaintiff not only stretches the contents of what Exhibit A actually contains but also distends what "advertisement" means under the TCPA. First, actually looking at what Exhibit A says—not what Plaintiff wants to read into the document—it is clear that Mr. Turza was sending a newsletter regarding safeguarding computer information. Only where he indicates the author of the newsletter—at the lower, right-hand corner of the document—does Mr. Turza insert his

moniker for identification. As part of his business-card-like information, he includes, simply, "Estate Planning, Post-Mortem Administration, Business Succession Planning." (*See* Exhibit A.) Nowhere does he promote, describe or "offer" an opportunity for these services. Instead, the two-column newspaper-like document informs readers regarding setting up a mobile office, buying a computer, printing documents "on the go," and protecting documents and computer hardware. (*Id.*) The words, "Estate Planning, Post-Mortem Administration, Business Succession Planning," are simply part of identification for purposes of authorship. Merely having these three sets of terms on the page does not transform this newsletter about protecting computer information into an advertisement promoting Defendant's services as an estate planning attorney.[1]

Nowhere does the subject document advertise any legal services available by Mr. Turza and reading this document to contain such an "advertisement" is illogical. The newsletter provides absolutely no information about legal services for estate planning, post-mortem administration, or business succession planning. The newsletter does not advertise the commercial availability or quality of Mr. Turza's legal services. As this Honorable Court rightly found: "[t]his is just a little newsletter like lawyers sometimes like to send out." (April 24, 2008 Tr. at 2, attached hereto as **Exhibit 1**.) Indeed, it would be illogical for Mr. Turza to use an entire document, in newsletter format, to describe the "buying tips," "printing," and "protecting" of computer information as a "promotion" of his services as an *estate planner*. In other words, Exhibit A is in no way advertises the commercial availability of any legal service by Mr. Turza. It is not an "ad" because no description, promotion, or endorsement of Mr. Turza's capabilities

---

[1] Further rebuttal of Plaintiff's claim that Exhibit A promotes services is found in the fact that Plaintiff references outside research that Plaintiff has done about how a nonparty can assist with generating newsletters. (Pl.'s Resp. at 2.) This argument fails because it considers material outside the allegations of the Complaint and misconstrues the clear language of Exhibit A, which does not "promote" even one service by Mr. Turza, does not describe any services he provides, and in fact, regards a completely unrelated topic to any legal service noted on the document. In addition, use of an outside entity for developing a newsletter does not equate to making the newsletter an "advertisement" in violation of the TCPA as Plaintiff argues.

as an estate planning attorney, post-mortem administrator or business succession planner are included. If this newsletter regarding protecting of computer information is twisted to be an "advertisement" for a lawyer's legal services on estate planning, then the Plaintiff has succeeded in implementing new words and phrases into a plain document to transform any newsletter identifying the author into an "advertisement." In other words, simply listing Defendant's contact information does not make this material an advertisement as Plaintiff contends.

Under the TCPA, to be held liable, Defendant must have transmitted material that was unsolicited and advertised the commercial availability or quality of property, goods or services. *Phillips Randolph Enter., LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851, 852 (N.D. Ill. 2007). Clearly, that is not what Exhibit A is and dismissal of this lawsuit is appropriate.

As for Plaintiff's argument that Exhibit A is an advertisement because the entire document—save three sets of words—are a pretext to advertise, the *Phillips* Court considered this argument and rejected this contention. *Phillips*, 526 F. Supp. 2d at 853. Like the Plaintiff here, the Plaintiff in that Northern District of Illinois case compared the invitation to a "pre-textual free seminar." *Id.* The *Phillips* Court found that such an argument was "misguided" because the Complaint did not allege that the fax was a pretext to an advertisement and the fax was not some indiscriminate, open-ended invitation. *Id.* The Court found that the invitation was not a pre-textual free seminar because: the complaint had only alleged that the defendants' products or services were advertised in the fax; the only "product or service" identified was a research discussion; and, there were no allegations that defendants advertised any products or services at those discussions. *Id.*

The same reasoning applies here. Nowhere does Plaintiff allege that Exhibit A was a pretext to an advertisement or an indiscriminate, open-ended newsletter; and, nowhere does

Case No. 08 CV 2014                                                                 Firm No. 3006947

Plaintiff aver that Mr. Turza advertises any services via his transmission of a newsletter regarding an unrelated topic. The fact remains that Exhibit A is nothing but a newsletter, with absolutely no indication—on the fax itself or in the allegations of the Complaint—of "pretext" for Mr. Turza to promote any "product or service." What Plaintiff would like to interpret Exhibit A to be is not a relevant consideration; instead, this Honorable Court—like the other Northern District of Illinois Court that has considered this issue—need only look to the allegations of the Complaint and the "face" of Exhibit A to find that "the fax does not promote a 'commercially available service'" or good. *Phillips*, 526 F. Supp. 2d at 852.

Furthermore, Plaintiff's interpretation that Exhibit A is an "advertisement" would render application of the TCPA to this case a violation of the First Amendment. "[T]he court may not rewrite the Telephone Consumer Protection Act to enjoin or penalize behavior not prohibited by Congress." *Lutz v. Curry*, 859 F. Supp. 180, 182 (E.D. Pa. 1994)(attached hereto as **Exhibit 2**.) "Congress clearly did not prohibit fax transmissions of all unsolicited information or communications, and there is some question whether it could do so constitutionally." *Id.* In other words, Congress enacted the TCPA to be geared, solely, to "material advertising the ***commercial*** availability or quality" of products or services. *See id.* at 181 (emphasis added.) Here, if Plaintiff's interpretation of the Exhibit A is allowed, such an interpretation of the document—which does not promote any commercial service or good—would be contrary to the language of the TCPA and would inappropriately infringe upon the First Amendment rights afforded to the Defendant in sending a non-commercial newsletter.

As stated more fully in Defendant's Motion to Dismiss, Exhibit A is not an advertisement in violation of the TCPA because in order to be deemed an "advertisement," the information transmitted must be material that advertises the commercial availability or quality of property, goods or services. *Phillips*, 526 F. Supp. 2d at 852. Exhibit A cannot be considered an

advertisement because: "Congress' primary purpose in enacting the TCPA was to prevent the shifting of advertising costs to recipients of unsolicited fax advertisements, and therefore ***does not apply to other forms of communication transmitted by fax***." *Id.* (emphasis added)(citing H.R. REP. NO. 317, at 10, 102d Cong., 1st Sess. 25 (1991); *Destination Ventures, Ltd. v. FCC*, 46 F.3d 54, 56 (9th Cir. 1995); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1166, 1170 (S.D. Ind. 1997)). "[M]essages that do not promote a commercial product or service . . . are not [un]solicited advertisements under the TCPA." *Id.* (citing *In re the Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 21 F.C.C.R. 3787, at 3810 (April 6, 2006)). More specifically, "facsimile communications that contain only information, such as industry news articles,...would not be prohibited by the TCPA rules." 21 F.C.C.R. at 3814. A newsletter sent via facsimile does not constitute an unsolicited advertisement as its "primary purpose is informational, rather than to promote commercial products." *Id.* Therefore, granting Defendant's Motion to Dismiss is proper.

     **B.**    **Plaintiff's Citations To Cases, Which Preceded *Phillips*, From Other Jurisdictions Are Not Applicable To The Analysis For This Matter.**

The cases cited by Plaintiff in support of its arguments that Exhibit A is really an advertisement are not only cases decided well before *Phillips* but are matters decided in other *state* jurisdictions. (*See* Pl.'s Resp. at 4-6.) Further, all four of the cases appended by Plaintiff to the Response Memorandum—from the lower courts of New York and Missouri—considered completely different faxes than the fax at issue in the instant case. (*See id.*) Certainly, none of the cases appear to address an informational newsletter that makes no mention of any commercially available service or good.

Plaintiff attempts to align this matter with other lower courts' decisions in the state courts of Missouri and New York, even though the parallels between this case and *Phillips* and *Ameriguard* are apparent. None of the cases cited by Plaintiff in the Response are controlling or

authoritative for this court sitting in the Northern District of Illinois, and those cases considered completely different faxes than the fax at issue in the instant case. *See e.g., Rudgayzer & Gratt v. Enine, Inc.*, 779 N.Y.S.2d 882, 885 (N.Y. App. Term. 2004)(fax promoting purchase of stock by describing the stock and its price was a fax that proposed a commercial transaction).[2] In fact, the language of the cases shows the distinction. For example, the New York lower court found that if the subject material—the fax—"pitches a product or service under the guise of providing information *about it*," it is an advertisement. (Pl.'s Resp. at 4.) The other cases cited by Plaintiff also made findings about whether providing information about a product or service, which served as the subject of the fax, made the material an advertisement. (*See* Pl.'s Resp. at 4-5.) However, here, the material at issue—Exhibit A—does not provide *any* information about Mr. Turza's legal services; it does not "pitch" a product or service by Mr. Turza because he has generated a newsletter about protection of computer equipment not his services or products.

*Phillips*—a 2007 case decided in the same jurisdiction as this Honorable Court—has provided analysis directly on point. (*See* Def.'s Mot. to Dismiss at 3-5.) Like the faxes considered in *Phillips* and *Ameriguard*, the claimed facsimile at issue is not an unsolicited "advertisement" as it does not promote the commercial availability of property, goods or services. Instead, the subject document is a newsletter that discusses, from a lawyer's perspective, instructional tips for setting up a mobile office, buying a computer, printing documents "on the go," and protecting documents and computer hardware. (*See* Exh. A to Exhibit A.) This document is "not be prohibited by the TCPA rules" because its "primary purpose is informational, rather than to promote commercial products." 21 F.C.C.R. at 3814.

---

[2] Plaintiff also cites to *Schumacher Fin. Servs. Inc. v. Steckelberg, Micro Eng'g, Inc. v. St. Louis Ass'n*, and *Harjoe v. Colonial Life & Accident Ins.*, three cases from the Circuit Court of St. Louis County in Missouri. However, these cases, from a lower court in a foreign jurisdiction, considered different facsimiles, came from the "TCPA Reporter" not any official reporter, and consulted Webster's Dictionary—not the plain definition in the TCPA—to determine what was "commercial" and what was an "advertisement" or "advertis[ing]." These cases were decided four to five years before *Phillips*.

Case No. 08 CV 2014                                                                 Firm No. 3006947

Plaintiff has averred that Defendant transmitted by facsimile an unsolicited "advertisement" (Exhibit A) to Plaintiff. However, the Complaint fails to state a cause of action under the TCPA due to the definition of "unsolicited advertisement" provided by the statute and in light of the interpretation of "advertisement" in the Northern District of Illinois. As emphasized by Defendant's Motion to Dismiss: "Congress' primary purpose in enacting the TCPA was to prevent the shifting of advertising costs to recipients of unsolicited fax advertisements, and therefore does not apply to other forms of communication transmitted by fax." *Phillips,* 526 F. Supp. 2d at 852. The "facsimile" at issue here is only an informational newsletter sent by a lawyer, which is clearly not a marketing or advertising communication. Therefore, Plaintiff's TCPA action is properly dismissed.

**WHEREFORE**, Defendant, GREGORY P. TURZA prays that this Honorable Court enter an order granting dismissal with prejudice of Plaintiff's Class Action Complaint in Defendant's favor and for such other relief as this Court deems just and proper.

                                                    Respectfully Submitted,
                                                    SMITH AMUNDSEN, LLC

                                  By:   /s/ Eric L. Samore
                                        One of the Attorneys for
                                        Gregory P. Turza

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC #6289608
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Case No. 08 CV 2014                                                         Firm No. 3006947

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons,<br><br>        Plaintiff,<br>v.<br><br>GREGORY P. TURZA<br><br>        Defendant. | Case No. 08 CV 2014<br><br>The Honorable Judge Gettleman |

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of May 2008, he served the Defendant, Gregory P. Turza's **Reply Memorandum in Further Support of His Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)** on:

Brian J. Wanca
Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

via first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m., on the 22nd day of May, 2008.

[x]    Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.
Executed on: May 22, 2008.

_____

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady, ARDC # 6289608
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Counsel for Defendant,
GREGORY P. TURZA

# EXHIBIT 1

```
                                                                    1

 1                 IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
     IRA HOLTZMAN, individually and  )
 4   as the representative of a      )
     class of similarly-situated     )
 5   persons,                        )  No. 08 C 2014
                                     )  Chicago, Illinois
 6                  Plaintiffs,      )  April 24, 2008
                                     )  9:15 a.m.
 7              vs.                  )
                                     )
 8   GREGORY P. TURZA,               )
                                     )
 9                  Defendant.       )

10

11            TRANSCRIPT OF PROCEEDINGS - MOTION

12        BEFORE THE HONORABLE ROBERT W. GETTLEMAN

13   APPEARANCES:

14   For the Defendant:      SMITH AMUNDSEN LLC
                             150 North Michigan Avenue
15                           Suite 3300
                             Chicago, Illinois 60601
16                           BY:  MR. DARREN P. GRADY

17

18

19

20

21

22   Official Reporter:      JENNIFER S. COSTALES, CRR, RMR
                             219 South Dearborn Street
23                           Room 1706
                             Chicago, Illinois 60604
24                           (312) 427-5351

25
```

1       (Proceedings in open court.)

2           THE CLERK:  08 C 2014, Ira Holtzman versus Gregory P.
3  Turza; motion to dismiss.

4           MR. GRADY:  Good morning, Your Honor.

5           Darren Grady for defendant.

6           THE COURT:  Hold on.  Hold on.

7       (Discussion off the record.)

8           MR. GRADY:  Your Honor, this is defendant's motion to
9  dismiss the plaintiffs' class action complaint.  This is a TCPA
10 fax-blasting case.  Plaintiff has already voluntarily dismissed
11 Counts 2 and 3.  So only Count 1 under the TCPA remains.

12          I'm assuming plaintiffs' counsel would like a briefing
13 schedule.

14          THE COURT:  Well, you're assuming?  Have you talked to
15 him?

16          MR. GRADY:  I have not.

17          THE COURT:  I've read your motion, and I've read the
18 exhibit in question.

19          MR. GRADY:  Indeed.

20          THE COURT:  I agree with your motion.  And he's not
21 here.  Do you know if -- you did give him notice of this motion,
22 didn't you?

23          MR. GRADY:  Yes, certainly, with e-mail to all parties.

24          THE COURT:  This is just a little newsletter like
25 lawyers sometimes like to send out.  I'm not sure why they do it,

1 but they do it. And it's not a solicitation. There is no fraud
2 involved. As you point out, there is no misrepresentation of
3 anything or reliance on anything. And the conversion as you
4 point out doesn't fit conversion, because there was no possession
5 of a fax paper.
6          I mean, you know, without some other hook that I can see
7 needed, none of these, it isn't a solicitation, so it doesn't
8 violate the TCPA.
9          MR. GRADY:  Agreed.
10         THE COURT:  Maybe that's why he's not here, but --
11         MR. GRADY:  Notice did go out. It was e-mailed to all
12 parties through the federal system. You know, and like I said,
13 Counts 2 and 3 were voluntarily dismissed, so, I mean --
14         THE COURT:  Count 2, was that the Consumer Fraud Act?
15         MR. GRADY:  Correct, correct. Only the TCPA count is
16 the one remaining, you know. As Your Honor reads, it seems like
17 just an informational newsletter, and it is in no way an
18 advertisement of anything.
19         THE COURT:  Right. The cases absolutely support your
20 position, at least it seems to me. I'm going to grant the
21 motion.
22         MR. GRADY:  Okay.
23         THE COURT:  If counsel for plaintiff objects, they can
24 come and move to vacate. I don't see any reason to keep this
25 alive. Okay. Thank you.

1   MR. GRADY:  Okay.  Thank you, Your Honor.

2   (Proceedings concluded.)

3                          C E R T I F I C A T E

4   I, Jennifer S. Costales, do hereby certify that the

5   foregoing is a complete, true, and accurate transcript of the

6   proceedings had in the above-entitled case before the Honorable

7   ROBERT W. GETTLEMAN, one of the judges of said Court, at Chicago,

8   Illinois, on April 24, 2008.

                                   _____
                                   Official Court Reporter
                                   United States District Court
                                   Northern District of Illinois
                                   Eastern Division

# EXHIBIT 2

859 F. Supp. 180, *; 1994 U.S. Dist. LEXIS 10413, **;
76 Rad. Reg. 2d (P & F) 919

LUTZ APPELLATE SERVICES, INC. v. RODNEY CURRY, et al.

CIVIL ACTION No. 94-3985

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

859 F. Supp. 180; 1994 U.S. Dist. LEXIS 10413; 76 Rad. Reg. 2d (P & F) 919

July 28, 1994, Decided
July 28, 1994, Filed, Entered

COUNSEL: [**1] FOR LUTZ APPELLATE SERVICES, INC., PLAINTIFF: LESLIE WEISSE, RUBIN, SHAPIRO & WEISSE, PHILA., PA.

FOR RODNEY CURRY, DOUGLAS TAYLOR, individually & t/a CURRY & TAYLOR, DEFENDANTS: CRAIG B. SOBEL, PHILA, PA.

JUDGES: Bartle, III

OPINION BY: HARVEY BARTLE, III

OPINION

[*181] *MEMORANDUM*

Bartle, J.

As new technology emerges, the appearance of related legal issues seems never to be far behind. This is such a case. It concerns the prohibitions on the use of the now ubiquitous facsimile ("fax") machine under the Telephone Consumer Protection Act of 1991 ("Act"), 47 U.S.C. § 227.

Plaintiff, Lutz Appellate Services, Inc., filed the present action against a former employee, Rodney Curry, and his business partner, Douglas Taylor, individually and trading as Curry & Taylor. Plaintiff seeks damages for two alleged violations of the Act. The case is currently before the court on defendants' motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A complaint should be dismissed for failure to state a claim only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). All well pleaded factual allegations in the complaint [**2] are assumed to be true and are viewed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969).

Plaintiff's complaint alleges that on two occasions, defendants faxed unsolicited messages to Lutz Appellate Services. The first of these messages reads as follows:

CURRY & TAYLOR

IS NOW HIRING

ALL POSITIONS

CALL TODAY 1-800-222-8738

The second states:

CURRY & TAYLOR

-APPELLATE SPECIALISTS NEEDED

-GENEROUS PAY STRUCTURE

-EXPERIENCE WELCOME BUT NOT NECESSARY

-CALL 1-800-409-0060 TODAY, ASK FOR BILL

Plaintiff contends that these solicitations from a business competitor seeking to hire away plaintiff's

Case 1:08-cv-02014   Document 23-3   Filed 05/22/2008   Page 3 of 3

Page 2

859 F. Supp. 180, *; 1994 U.S. Dist. LEXIS 10413, **;
76 Rad. Reg. 2d (P & F) 919

current employees are "unsolicited advertisements" prohibited by 47 U.S.C. § 227.

Section 227(b) states that "it shall be unlawful for any person within the United States ... to use any telephone facsimile machine ... to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b). The statute defines an "unsolicited advertisement" [**3] as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4).

Defendants argue that the faxed messages do not fall within the statutory definition of "unsolicited advertisements" because they advertise employment opportunities, not defendants' property, goods or services. Plaintiff, however, claims that "employment is property" and that "to offer employment, as Defendants have done, is to offer property."

Plaintiff's position is without merit. A company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property. Unless the context indicates otherwise, the words of a statute must be interpreted in accordance with their ordinary meaning. *United States v. Knox*, No. 92-7089, 1994 U.S. App. LEXIS 13919 (3d Cir. June 9, 1994). When, for example, an employer places a "help wanted" ad, no one speaks or thinks of it as a property solicitation or an offer of property. Likewise, when an employer [**4] hires an employee, no one characterizes the hiring as a property sale, exchange or transaction. Here, the defendants did nothing more than send a "help wanted" ad on two occasions over the plaintiff's fax machine. These transmitted messages are not unsolicited "material advertising the commercial [*182] availability or quality of any property, goods or services" within the ordinary meaning of those words of the Act. *See* 47 U.S.C. § 227(a)(4).

Plaintiff contends that "the whole import of the Act is to avoid the abuse of, *inter alia*, facsimile machines to foist unwanted information or communications to [sic] those who do not want it." That, of course, is the purpose of this Act as far as it goes. However, Congress clearly did not prohibit fax transmissions of all unsolicited information or communications, and there is some question whether it could do so constitutionally.[1] *See generally City of Cincinnati v. Discovery Network*, 123 L. Ed. 2d 99, 113 S. Ct. 1505 (1993); *Destination Ventures, Ltd. v. F.C.C.*, 844 F. Supp. 632 (D. Or. 1994); *Lysaght v. State of New Jersey*, 837 F. Supp. 646 (D. N.J. 1993). [**5]

   1 None of the parties here has raised the issue of the constitutionality of the Act.

Plaintiff's redress, if any, lies elsewhere. No matter how sympathetic plaintiff's case may be, the court may not rewrite the Telephone Consumer Protection Act to enjoin or penalize behavior not prohibited by Congress. Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

*ORDER*

AND NOW, this 28th day of July, 1994, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendants, Rodney Curry and Douglas Taylor, individually and trading as Curry & Taylor, to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED.

BY THE COURT:

Harvey Bartle, III, J.