FILED
JUNE 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED, individually and as the representative of a class of similarly-situated persons,<br><br>                Plaintiff,<br><br>v.<br><br>GREGORY P. TURZA,<br><br>                Defendant. | No. 08 CV 2014<br><br>Judge Gettlemen |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, GREGORY P. TURZA.

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time

that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Plaintiff contends that there is no federal question jurisdiction. If there is federal jurisdiction, then this District is the appropriate forum for this litigation. Plaintiff's individual claims are worth less that $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

## PARTIES

7. Plaintiff is an Illinois corporation.

8. On information and belief, Defendant, GREGORY P. TURZA, operates a law practice in Skokie, Illinois.

## FACTS

9. On or about November 1, 2007, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

2

10. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

11. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

12. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

13. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

14. In accordance with FRCP 23, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

15. A class action is warranted because:

    (a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

        (i) Whether Defendant sent unsolicited fax advertisements;

      (ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

      (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

      (v)    Whether Defendant violated the provisions of 47 USC § 227;

      (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

      (vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

      (viii)    Whether the Court should award trebled damages.

16.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

17.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

18. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

19. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

20. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

21. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

22. Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

23. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

25. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

26. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, GREGORY P. TURZA, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

6

  C. That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

  D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

              Respectfully submitted,

              IRA HOLTZMAN, C.P.A., & ASSOCIATES
              LIMITED, individually and as the representative
              of a class of similarly-situated persons

       By:  s/Brian J. Wanca
          One of Plaintiff's Attorneys

Brian J. Wanca          Phillip A. Bock
ANDERSON + WANCA      BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760    134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL 60008     Chicago, IL 60602
Telephone: 847/368-1500      Telephone: 312/658-5500
Attorney No. 51306         Attorney No. 42073

**EXHIBIT A**

Deliver to: Ira Holtzman

# The "Daily Plan-It™"

### GREGORY P. TURZA, JD

Volume 9, Issue 22                                                                                  11/1/2007

## You *Can* Take it With You: Tips for A Mobile Office

Computers have become such a part of the corporate world, it would be almost impossible to find an organization without one. These days, with people working from home and while traveling, laptops are outselling their larger and bulkier desktop brethren. Most executives have both, although many are using their laptops as their primary computers, thanks to their portability. Here are some practical tips for getting the most out of your laptop, whether you're at the office, at home, or on the road.

### Buying tips

The portable computer is now available at very affordable prices, with low-end models beginning at around $500. The more expensive models are on a par with desktops as far as speed and storage are concerned. When purchasing a laptop, pay attention to the following:

- Stick to name brand manufacturers. Customer support will be more reliable.
- If you plan to use it a lot on the go, find one that's under 5 lbs.
- Look for a model with a spill-resistant keyboard and a shock resistant hard drive.
- Purchase an extended warranty, generally for three years. Even if you have just one problem, it will pay for itself.
- Make sure that the screen is not too small for your eyes, and that the keyboard fits comfortably under your fingertips.
- If you plan to use it at the office and on the go, set up a "docking station" at your desk which would include a keyboard, mouse, and monitor.

### Printing on the go

If you're on the go and need to print important documents, it's not always convenient to find a Kinko's. Purchase a small travel printer which can easily fit in your computer bag. Both Hewlett Packard and Canon have a variety of models that are less than 5 lbs and sell for under $250.00

### Protecting your stuff

Whether you're stationary or on the road, you need to back up your stuff. Purchase a USB flash drive, which is the size of a thumb, and you'll be able to back up and print from any computer.

Take measures to protect your unit from theft. Carry it in an inconspicuous case, and never leave it unattended, even for a moment. All information should be protected with a secure password. If you're using it in a hotel room, hide it before you leave. And always back up your data.

Thanks to these measures, you can now take your work anywhere you go. Just don't forget to take some time off, or you may burn out.

ESTATE PLANNING
POST MORTEM ADMINISTRATION
BUSINESS SUCCESSION PLANNING



### Gregory P. Turza
ATTORNEY & COUNSELOR AT LAW



**Concourse Plaza**
**4711 Golf Road**
**Suite 550**
**Skokie, Illinois 60076**

Telephone: (847) 674-0200
Facsimile: (847) 674-9115
greg@myestateplan.net
www.myestateplan.net

© 2007 GREGORY P. TURZA, JD, Phone: 847-674-0200. All rights reserved.
No portion of this newsletter may be reused in any way without prior express written consent.