

**FILED**

**AUGUST 7, 2008**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  08 CV 2014 |
| v. | ) ) | The Honorable Judge Gettleman |
| GREGORY P. TURZA | ) ) | |
| Defendant. | ) ) | |

## GREGORY P. TURZA'S ANSWER TO PLAINTIFF'S
## FIRST AMENDED CLASS ACTION COMPLAINT

**NOW COMES** Defendant, GREGORY P. TURZA by and through his attorneys and respectfully submits this Answer to Plaintiff's First Amended Complaint as follows.

### PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:**    **Defendant admits that Plaintiff has brought an action against Defendant but denies the veracity of the allegations as stated in Paragraph 1 of Plaintiff's First Amended Class Action Complaint.**

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

**ANSWER:**    **Defendant states that the allegations in Paragraph 2 of Plaintiff's First Amended Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 2 of Plaintiff's First Amended Class Action Complaint is deemed to contain allegations of fact.  Defendant denies the same.**

3.    Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that

Case No. 08 CV 2014                                                    Firm No. 3006947

would have been spent on something else.   A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and

require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**   **Defendant states that the allegations in Paragraph 3 of Plaintiff's First Amended Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 2 of Plaintiff's First Amended Class Action Complaint is deemed to contain allegations of fact.  Defendant denies the same.**

4.        On behalf of itself and all others similarly situated, Plaintiff brings this case as a

class action asserting claims against Defendant under the TCPA.

**ANSWER:**   **Defendant admits only that Plaintiff has filed an action against the Defendant but denies the veracity of the allegations in Paragraph 4 of Plaintiff's First Amended Class Action Complaint as alleged therein**

5.        Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:**   **Defendant admits only that Plaintiff has filed an action for statutory damages against this Defendant but denies the veracity of the allegations in Paragraph 5 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

## JURISDICTION AND VENUE

6.        Plaintiff contends that there is no federal question jurisdiction.  If there is federal

jurisdiction, then this District is the appropriate forum for this litigation.  Plaintiff's individual

claims are worth less that $75,000.00, inclusive of all forms of damages and fees.  Plaintiff

expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages

and fees.

**ANSWER:**   **Defendant denies the allegations in Paragraph 6 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

## PARTIES

7.        Plaintiff is an Illinois corporation.

Case No. 08 CV 2014                                                        Firm No. 3006947

**ANSWER:**     **Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's First Amended Class Action Complaint and therefore neither admits nor denies such allegation but demands strict proof thereof.**

8.      On information and belief, Defendant, GREGORY P. TURZA, operates a law practice in Skokie, Illinois.

**ANSWER:**     **Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Amended Class Action Complaint.**

**FACTS**

9.      On or about November 1, 2007, Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:**     **Defendant denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

10.      Plaintiff had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:**     **Defendant denies the allegations contained in Paragraph 10 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

11.      On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**     **Defendant denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

12.      There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**     **Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's First Amended Class Action Complaint and therefore neither admits nor denies such allegations but demands strict proof thereof.**

Case No. 08 CV 2014                                                    Firm No. 3006947

<u>COUNT I</u>
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

13.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:     Defendant incorporates by reference its answers to the preceding paragraphs of the Answer to Plaintiff's First Amended Class Action Complaint as fully set forth herein.**

14.     In accordance with FRCP 23, Plaintiff brings Count I pursuant to the Telephone

Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

**ANSWER     Defendant admits only that Plaintiff has brought an action against Defendant based on the alleged statute.  Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

15.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is

so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over

questions affecting only individual class members, including without limitation:

(i)     Whether Defendant sent unsolicited fax advertisements;

(ii)     Whether Defendant's facsimiles advertised the commercial

availability of property, goods, or services;

(iii)     The manner and method Defendant used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

Case No. 08 CV 2014                                              Firm No. 3006947

    (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

    (v)    Whether Defendant violated the provisions of 47 USC § 227;

    (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

    (vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

    (viii)    Whether the Court should award trebled damages.

**ANSWER:**    **Defendant denies that a class action is proper in this matter as alleged in Paragraph 15 (including all sub-paragraphs), of Plaintiff's First Amended Class Action Complaint.**

16.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

17.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

18.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

**ANSWER:**    **Defendant states that the allegations contained in Paragraph 18 of Plaintiff's First Amended Class Action Complaint are legal conclusions to which no**

Case No. 08 CV 2014                                             Firm No. 3006947

answer is required.  To the extent that Paragraph 18 of Plaintiff's First Amended Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.

19.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:**     **Defendant states that the allegations contained in Paragraph 19 of Plaintiff's First Amended Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 19 of Plaintiff's First Amended Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

20.     The TCPA provides:

3.     <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

**ANSWER:**     **Defendant states that the allegations contained in Paragraph 20 of Plaintiff's First Amended Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 20 of Plaintiff's First Amended Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

21.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

**ANSWER:**     **Defendant states that the allegations contained in Paragraph 21 of Plaintiff's First Amended Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 21 of Plaintiff's First Amended Class Action Complaint is deemed to contain allegations of fact Defendant denies the same.**

Case No. 08 CV 2014                                                    Firm No. 3006947

22.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:**     **Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

23.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**     **Defendant states that the allegations contained in Paragraph 23 of Plaintiff's First Amended Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 23 of Plaintiff's First Amended Class Action Complaint is deemed to contain allegations of fact defendant denies the same.**

24.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

**ANSWER:**     **Defendant denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

25.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.     Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes.     That time otherwise would have been spent on Plaintiff's business activities.     Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

**ANSWER:**     **Defendant denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

Case No. 08 CV 2014                                        Firm No. 3006947

26.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Class Action Complaint as alleged therein.**

WHEREFORE, Defendant, GREGORY P. TURZA respectfully request that judgment be entered in his favor and against Plaintiff with costs assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

**NOW COMES** the Defendant, GREGORY P. TURZA by and through its attorneys, Eric L. Samore and Darren P. Grady of SMITHAMUNDSEN LLC, and for its Affirmative Defenses to the Plaintiff's First Amended Class Action Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE

As applied in this matter, the TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. Plaintiff seeks to certify a class of individuals or businesses similar to itself, who have allegedly received unsolicited fax advertisement from Defendant. Similar to Plaintiff, each of these putative class members have incurred less than ten cents of actual damages or no damages. At the class level, Plaintiff's requested remedy violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

## SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiff's claims for damages, Defendants incorporate by reference all limitations on damage awards which arose in the decisions of *BMW of North America v. Gore*, 116 US 1589 (1996) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 537 US 1042 (2003). Plaintiff seeks to certify a class of individuals or businesses similar to itself, who have allegedly received unsolicited fax advertisement from Defendant.

Case No. 08 CV 2014                                                    Firm No. 3006947

Similar to Plaintiff, each of these putative class members have incurred less than ten cents of actual damages or no actual damages.

## THIRD AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent and hereby reserves its right to amend its Answer to assert such defenses or claims.

## FOURTH  AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff had consented and provided prior express invitation or permission for receiving information from Defendant.

## FIFTH AFFIRMATIVE DEFENSE

The application of the TCPA to the alleged newsletter facsimile, which can result in horrific, ruinous statutory damages even though the named plaintiff and alleged class members sustained no real damages, is a violation of the First Amendment and would have a chilling effect on speech.  The alleged facsimile and statute should be interpreted consistent with the First Amendment.

Case No. 08 CV 2014                                    Firm No. 3006947

**WHEREFORE**, Defendant, GREGORY TURZA, respectfully requests that this Court

enter an Order dismissing Plaintiff's claims, with prejudice, and awarding costs of the suit to the

Defendants.

DEFENDANTS RESPECTFULLY REQUESTS A TRIAL BY JURY.

Respectfully Submitted,
SMITH AMUNDSEN, LLC

By:    /s/ Darren P. Grady
        One of the Attorneys for
        Gregory P. Turza

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC #6289608
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200