IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly situated persons,   )<br>)<br>)<br>) | |
| Plaintiff,   ) | No. 08 C 2014 |
| v.   ) | |
| )  | Judge Robert W. Gettleman |
| GREGORY P. TURZA,   )<br>) | |
| Defendant.   ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ira Holtzman filed a class action law suit against defendant Gregory P. Turza, in the Circuit Court of Cook County, Chancery Division, on November 7, 2008, claiming that in November 2007 he received an unsolicited fax advertisement sent by defendant and that the same advertisement was faxed to numerous other recipients. The complaint alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and a state law conversion claim. The case was removed to this court on April 9, 2008. Plaintiff filed an amended complaint in this court on June 27, 2008. The new complaint eliminated the state law claims, asserting the TCPA as the sole basis for plaintiff's individual and class claims. Plaintiff has moved under Fed. R. Civ. P. 23 to certify a class defined as:

> All persons who: (1) during the period September 2006 through March 2008; (2) were sent a "Daily Plan-It" fax identifying "Gregory P. Turza" and his telephone number (847-647-0200) or e-mail address (greg@myestateplan.net); (3) owned or paid for some portion of the machine to which the fax was sent; and (4) had not previously consented to receiving such advertisements.

Defendant opposes class certification. For the reasons described below, the court grants plaintiff's motion.

# BACKGROUND[1]

Defendant is an attorney who operates a law practice in Skokie, Illinois. In 2007, he hired Top of Mind Solutions, LLC ("Top of Mind"), a third party advertiser, to distribute a one-page fax to a list of his contacts. The contact list included a combination of fax numbers defendant purchased from the Illinois CPA Society, and numbers he obtained from clients, advisors, business acquaintances, and people who attended various seminars he taught.

Top of Mind formatted the fax, headlined "The Daily Plan-It," to resemble a newsletter that contained an editorial article offering advice about using laptop computers for business purposes. Approximately 20 to 25 percent of the fax bears the defendant's name, contact information, areas of legal practice, logo, and a photo of the building in which defendant's office is located.[2]

Top of Mind contracted with MessageVision ("MessageVision"), a fax broadcasting service, to fax the newsletters using defendant's contact list. MessageVision used a proprietory fax software program that was internally developed by the company.

Plaintiff's expert, Robert Biggerstaff ("Biggerstaff"), is a retired engineer with experience in the design and evaluation of computer databases and networks, including computer-based facsimile systems. Biggerstaff reviewed data on two separate CDs, one provided by Top of Mind and one provided by MessageVision. The latter CD was produced by

---

[1] A more complete recitation of these facts can be found in the court's June 19, 2008, opinion denying defendant's motion to dismiss. Holtzman v. Turza, 2008 WL 2510182 (N.D. Ill. Jun 19, 2008).

[2] This court previously ruled that this "identifying information" constitutes an advertisement and that a finder of fact could conclude that the advertisement was not incidental for the purposes of liability under the TCPA. Defendant's attempts to persuade the court differently are of no avail. This issue will be decided by the finder of fact at trial or in resolving motions for summary judgment.

Michael Richard ("Richard"), Chief Financial Officer of VillageEDocs, the holding company for Message Vision. Both CDs contained data listing the targeted recipients of the fax and contained identical data for a common time frame. One of the CDs – it is unclear from the record which one – also contained data for an additional period of time. Biggerstaff found that the CDs contained records consistent with records produced by a typical computer-based fax broadcasting system, but noted that he was unfamiliar with the specific software MessageVision used. Nonetheless, he concluded based on the data on the CDs that 11,945 fax transmissions were sent. Of these, 8,630 were successfully transmitted to 221 unique fax numbers, and 3,315 were unsuccessfully sent.

Defendant's expert, David Canefield ("Canefield"), has twenty years of experience in computer programming and telecommunications. He opines that it cannot be determined whether MessageVision's software worked properly in sending the faxes because there is a complete void of information, reports, evaluations or third-party reviews of the operating and reporting systems of the software.

Plaintiff alleges that on or about November 17, 2007, defendant sent him one of these "Daily Plan-It" faxes without his prior express invitation or permission.

## **DISCUSSION**

Fed. R. Civ. P. 23, which governs class action suits, requires a two-step analysis to determine if class certification is appropriate. First, plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Harriston v. Chicago Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993). These elements are a prerequisite to certification, and failure to meet any one of them precludes

certification of a class. Second, the action must also satisfy one of the conditions of Rule 23(b). Joncek v. Local 714 Int'l Teamsters Health and Welfare Fund, 1999 WL 755051, *2 (N.D. Ill. Sept. 3, 1999). Specific to the instant case, the court may certify a class under Rule 23(b)(3) if the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

When evaluating whether a party has met its burden of proving that a class should be certified, this court should not consider the merits of the underlying claim, Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 166, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974), but it is appropriate to "probe behind the pleadings." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982); see also Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676 (7th Cir. 2001).

The TCPA prohibits the use of "any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C).[3] It also creates a private right of action whereby the recipient of an unsolicited fax may bring an action to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . ." To prevail on a claim under the TCPA, plaintiff must show that defendant: "(1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was unsolicited; and (3) the

---

[3] There are exceptions to this general prohibition. Under the TCPA, a sender may fax an unsolicited advertisement to a recipient with whom she has an established business relationship and to fax numbers that she obtained either voluntarily, within the context of an established business relationship, or from "a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution." 47 U.S.C. § 227(b)(1)(C).

4

facsimile constituted an advertisement." Hinman v. M and M Rental Center, Inc., 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008).

## A. Defendant's Preliminary Arguments

Defendant raises two preliminary arguments for denying plaintiff's motion for class certification. First, he attacks the authenticity and accuracy of the transmission data supplied by Top of Mind and MessageVision. Second, he questions the admissibility of Biggerstaff's report. The court disagrees.

### 1. Authenticity of the Evidence

Defendant offers no evidence to challenge the accuracy of the fax transmission logs. He merely points to hypothetical problems with the content of the CDs and the way in which the data was retrieved. He also argues that Richard was not qualified to furnish the logs because he had no knowledge of the software program used to generate the faxes, or the reliability of that program.

Federal Rule of Evidence 901(a) states: "the requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." "Rule 901 requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence." U.S. v. Harvey, 117 F.3d 1044, 1049 (7th Cir. 1997). Further, under Fed. R. Evid. 803(6) a business record can be authenticated by testimony of either the record's "custodian" or "other qualified witness."

In the instant case, Richard, as a qualified witness, authenticated the fax logs by describing in detail in his deposition how he created the CD using regularly kept computer business records. This is sufficient to establish a prima facie showing of genuineness.

Defendant has provided no reason for Richard or anyone else at MessageVision to falsify these records, nor has defendant provided any support for his contention that admissibility of the logs required Richard to have had detailed knowledge of the software program.  Accuracy of the logs goes to the weight of the evidence, rather than its admissibility.  U.S. v. Meinberg, 263 F.3d 1177, 1181 (10th Cir. 2001).  Any challenge to their accuracy can be argued to the finder of fact at trial or on a motion for summary judgment.

> **2. Admissibility of Biggerstaff's Report**

Defendant argues that Biggerstaff's testimony lacks credibility and is unreliable because, (a) he lacks familiarity with MessageVision's proprietary software, (b) his opinions are not grounded in scientific analysis, and (c) his opinions are biased.

Fed. R. Evid. 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Here, Biggerstaff analyzed the data on the CDs provided to him from Top of Mind and MessageVision and drew conclusions based on his extensive knowledge of computer systems and fax transmission software.  While he admittedly does not have experience with the proprietary program used by MessageVision, it was not necessary for Biggerstaff to possess this specialized knowledge because his task here was to analyze the meaning of the transmission logs on the CDs, rather than to scrutinize the method by which that data was generated.  His opinion was formed after reviewing the transmission logs using principles and methods used to analyze

6

data generated by various similar systems. This is sufficient to render his opinion credible and reliable. It is left to the trier of fact to determine how much weight to ultimately give that opinion.

**B. Class Certification**

**1. Numerosity**

Rule 23(a) requires plaintiff to demonstrate that the members of the prospective class are so numerous as to make joinder impracticable. See, e.g., Parker v. Risk Management Alternatives, Inc., 206 F.R.D. 211, 212 (N.D. Ill. 2002). "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient." McCabe v. Crawford & Co., 210 F.R.D. 631, 643 (N.D. Ill. 2002) (internal citations omitted).

According to plaintiff, the fax logs show that 11,945 faxes were sent to 221 unique fax numbers. Of these attempted transmission, 8,630 were successful and 3,315 were not. Defendant contests the accuracy of these numbers and argues that numerosity fails because there is no way to demonstrate how many faxes were actually sent and received. The court disagrees.

Plaintiff is "not required to allege the exact number or identity of the class members." Hinman v. M and M Rental Center, Inc., 545 F. Supp 2d 802, 806 (N.D. Ill. 2008). Here, the number and identity of the class members can readily be identified from the fax logs furnished in the CDs. As discussed above, any questions related to the accuracy of these logs is for the finder of fact to consider. Accordingly, a class consisting of the recipients identified in the fax transmission logs attached to plaintiff's motion for class certification is sufficiently numerous to render joinder impracticable, thus satisfying Fed. R. Civ. P. 23(a)(1).

**2. Commonality and Typicality**

Rule 23(a)(2) "requires the presence of questions of law or fact common to the class." The rule does not mandate absolute commonality; a common nucleus of operative fact is usually enough to satisfy the requirement. Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). Typicality under Rule 23(a)(3) is satisfied if a plaintiff's claim arises from the same event or practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). Typicality focuses "on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." Id. Because commonality and typicality are closely related, a finding of one often results in a finding of the other. Id.

In this case, plaintiff's contention is that defendant engaged in a standardized course of conduct by sending the subject fax to the recipient list catalogued in the fax transmission logs. By defendant's own admission, he hired Top of Mind to send the faxes, and he provided it with a list of contacts he purchased from the Illinois Society of CPAs combined with the contact information of other individuals who had given him their consent to be included among the fax recipients. Several common questions of law and fact are raised by the events described in the parties' submissions, including: whether the faxes were advertisements; whether any of the recipients consented to the transmissions; whether defendant violated the TCPA by sending the fax to those individuals who had not given consent; whether defendant violated the TCPA by failing to include an opt-out notice on the fax; whether class members are entitled to statutory damages; and whether defendant's acts were "willful" or "knowing" under the TCPA, thus

entitling class members to treble damages. The commonality requirement of Fed. R. Civ. P. 23(a)(2) is clearly met here.

Typicality is also satisfied. Plaintiff is identified in the fax transmission logs as a recipient of the fax at issue here. Because the course of conduct that produced his claim also produced the claims of the proposed class, and plaintiff brings the same TCPA claim that will be advanced by the class, plaintiff's claim is typical of those of the class. See G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2008 WL 3889950 (N.D. Ill. Aug. 20, 2008).

**3. Adequacy of Representation**

To be an adequate class representative under Rule 23(a)(4), plaintiff must have a "sufficient interest in the outcome to ensure vigorous advocacy." Chapman v. Worldwide Asset Management, L.L.C., 2005 WL 2171168, *4 (N.D. Ill. Aug. 30, 2005). Rule 23(a)(4) also requires that the named plaintiff not have interests that conflict with those of the class. Gammon v. GC Servs. Ltd. Partnership, 162 F.R.D. 313, 317 (N.D. Ill 1995). Finally, plaintiff's attorneys must be qualified, experienced, and able to conduct the litigation. Id.

Defendant argues that plaintiff is not an adequate class representative because he failed to mitigate his damages for fifteen months and therefore has an atypical claim. According to defendant, plaintiff had a standard practice of separating out unsolicited faxes from his machine, and he has knowledge of the TCPA. This argument is properly classified as an affirmative defense, and as this court has held "the existence of individualized defenses does not preclude class certification." Dunn v. City of Chicago, 231 F.R.D. 367, 375076 (N.D. Ill. 2005) (Gettleman, J.); Pinkett v. Moolah Loan Co., 1999 WL 1080596, *4 (N.D. Ill. Nov. 2, 1999) (Hibbler, J.)(same); Johnson v. Aronson Furniture Co., 1998 WL 641342, *5 (N.D. Ill. Sept. 11,

9

1998) (Andersen, J.); Merk v. Jewel Food Stores, 702 F. Supp. 1391, 1395 (N.D. Ill. 1988) (Aspen, J.).

Plaintiff has already shown his diligence in pursuing this action, and there are no facts suggesting his interests are at odds with those of the class. Further, plaintiff's attorneys appear to be adequately experienced and qualified in prosecuting TCPA claims. Consequently, the adequacy of representation is satisfied here.

**4. Predominance and Superiority**

Under the superiority requirement of Rule 23(b)(3), questions of law or fact common to the class must "predominate over any questions affecting individual members," and a class action must be superior to other available methods for the fair and efficient adjudication of the controversy. Defendant argues class certification is unavailable here because individual issues predominate for three reasons.

First, defendant argues that common issues do not predominate because each member of the proposed class must prove, on an individual basis, that the member received the fax. The court disagrees. The court addressed and disposed of this identical argument in CE Design Ltd. v. Cy's Crabhouse North, Inc., 2009 WL 2252261 (N.D. Ill. July 27, 2009)(Kennelly, J.). In ruling on a motion to certify a class of fax recipients in Cy's Crabhouse, the court held that the predominance requirement was satisfied, because in producing fax transmission logs documenting the individual fax numbers of targeted recipients and the status of each transmission, the plaintiff had provided sufficient circumstantial evidence to establish proof of receipt by all the numbers in the fax logs that indicated that the fax was successfully sent to them. Id. at *7. The court's logic in Cy's Crabhouse applies with similar force here. Plaintiff

10

has proffered the fax transmission logs documenting the contacts to whom MessageVision successfully sent the fax. These logs are sufficient to at least circumstantially prove that 8,630 faxes were successfully transmitted to 221 individual numbers who thus received the "Daily Plan-It" fax.

Defendant's second contention is that individual investigation is necessary to determine whether any of the class members previously consented to receive the fax from defendant. The court's holding in Hinman v. M and M Rental Centers, Inc., 545 F. Supp 2d 802 (N.D. Ill 2008)(Bucklo, J.), is directly on point. In Hinman, the court held that the plaintiffs need not identify which specific fax numbers successfully received defendant's transmission from a list of numbers to which the transmission was indisputably sent. This court has discussed the strength of the Hinman decision's analysis in its recent opinion in Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc., 251 F.R.D. 312, 314-315 (N.D. Ill. 2008)(Gettleman, J.). Although the court found Hinman's logic persuasive, the factual landscape in Saf-T-Gard counseled a different result because there was no list of numbers from which the parties (or the court) could reasonably identify potential class members.

In the instant case, however, the holding in Hinman applies because the parties have access to the fax transmission logs. Moreover, defendant testified that he could "easily" identify persons on the list for whom he had provided services, and that he could "probably" distinguish the other names he added individually from those he purchased from the Illinois CPA Society. Accordingly, since there is a class-wide basis for distinguishing which recipients gave consent and which did not, case-by-case disposition of each claim is not necessary, and the predominance and superiority requirements of Rule 23(b)(3) have been satisfied.

Defendant's final argument attacks the third clause of plaintiff's proposed language defining the class as all persons who, "owned or paid for some portion of the machine to which the fax was sent." Defendant contends that this language could prompt multiple claims stemming from a singular fax transmission resulting in thousands of dollars in recovery for a single fax. The court agrees.

Plaintiff presumably included the third clause of its proposed class definition to protect the rights of anyone who suffered even a partial injury as a result of defendant's unsolicited fax transmissions. The current language, however, is unnecessary and potentially creates the exact problem with multiple claims that defendant cites in his objection. The TCPA prohibits the transmission of unsolicited advertisements sent from one fax machine to another. 47 U.S.C. § 227. The right to sue under the TCPA allows for recovery for actual monetary loss resulting from a violation, or $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3). The number of violations resulting from an unsolicited fax sent to a machine owned by one person does not change if the receiving fax machine is owned by multiple parties. It is unclear from the record whether the faxes were sent to the attention of a particular person, or to an unnamed recipient associated with the targeted fax number. In either case, it would be incorrect to include each partial owner of a jointly owned fax machine as a separate class member. Consequently, the third clause of plaintiff's proposed definition is unnecessary and will be omitted from the final definition of the class.[4]

---

[4] Significantly, the class definitions in <u>Cy's Crabhouse</u> and <u>Hinman</u> did not include similar language.

## **CONCLUSION**

For the reasons stated above, the court finds that plaintiff has satisfied the class certification requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and plaintiff's motion for class certification is granted. The class is defined as:

> All persons who: (1) during the period September 2006 through March 2008; (2) were sent a "Daily Plan-It" fax identifying "Gregory P. Turza" and his telephone number (847-647-0200) or e-mail address (greg@myestateplan.net); and (3) had not previously consented to receiving such advertisements.

So ordered.

**ENTER:** October 14, 2009

_____
**Robert W. Gettleman
United States District Judge**