IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) | No. 08 CV 2014 |
| | ) | |
| | ) | Judge Gettleman |
| v. | ) | |
| | ) | |
| GREGORY P. TURZA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION IN SUPPORT OF ITS AWARD OF
ATTORNEY'S FEES AND RELATED NON-TAXABLE EXPENSES
PURSUANT TO FED. R. CIV. P. 54(d)(2)(D) and LOCAL RULE 54.3**

Plaintiff, Ira Holtzman, C.P.A. & Associates Limited ("Holtzman" or

"Plaintiff"), individually and as the representative of a class of similarly-situated

persons (the "Class"), requests that the Court enter an order granting Plaintiff's

motion in support of its award for attorney's fees and related non-taxable expenses

pursuant to Fed. R. Civ. P. 54 (d) (2) (D) and Local Rule 54.3.

BACKGROUND

In an August 29, 2011 Memorandum Opinion and Order, the Court granted

Plaintiff's second motion for summary judgment and entered summary judgment in

favor of the class in the amount of $4,215,000 ($500 in statutory damages for each of

the 8,430 times defendant successfully sent the Daily Plan–It fax to one of the class

member's fax machines). Docs. 229 (minute entry), 230 (memorandum opinion and

order), and 231 (entered Judgment $4,215,000). Class Counsel requests attorney's fees of one-third of the $4,215,000, or $1,405,000.

That amount would be taxed against the common fund created by the Court's judgment in this class action, not against Defendant Turza. *Mills v Electric Auto-Lite Co.*, 396 U.S. 375 (1970). Plaintiff also requests a $7,500 incentive payment for its role in this matter. Finally, Plaintiff requests reimbursement of certain non-taxable expenses totaling $25,055.90 from the common fund.

## ARGUMENT

### A.  Fed. R. Civ. P. 54 (d) (2) (D) and Local Rule 54.3 -- Attorney's Fees and Related Non-taxable Expenses

Local Rule 54.3 (b), "Time to File," states that "Either before or after the entry of judgment the court may enter an order with respect to the filing of a fee motion pursuant to Fed. R. Civ. P. 54. Unless the court's order includes a different schedule for such filing, the motion shall be filed in accordance with the provisions of this rule and shall be filed and served no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded." (emphasis added). *See* Fed. R. Civ. P. 54(d)(2)(D) ("By local rule, the court may establish special procedures to resolve fee related issues...."); *Johnson v. Lafayette Fire Fighters Assoc. Local 472,* 51 F.3d 726, 730 (7th Cir.1995). "If the court has not entered such an order before a motion has been filed ... then after such filing the court may order the parties to comply with the procedure set out in this rule as a post-filing rather than as a pre-filing procedure." Local Rule 54.3 (b).

Here, the Court did not set a schedule for the filing of an award of fees. Instead, the matter would be addressed at the next status hearing. *Holtzman v. Turza*, No. 08 C 2014, 2011 WL 3876943 (N.D. Ill. Aug. 29, 2011) ("This matter is set for a status report on September [19], 2011, at 9:30 a.m., at which time counsel for the plaintiff class is directed to inform the court concerning distribution to the class, their petition for attorneys' fees, and all other matters necessary to bring this action to a conclusion."); *see also*, Docs. 229, 230, 231 and 232 (minute entry re-setting status from 9/12/2011 to 9/19/2011) and 240 (minute entry granting Defendant's motion to stay, extending stay of execution to 9/28/2011 and cancelling 9/19/2011 status hearing).

## B. The Attorneys' Fee Request Is Reasonable and Appropriate.

Plaintiff's attorneys undertook this case on a contingency basis and have a fund of money available to pay the class members. They request one-third of the fund for their attorneys fees. That request is within the approved range in class actions. *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (approving award of fees equal to 30% of $7.25 million settlement plus $111,054.06 in expenses and citing with approval a submission showing thirteen cases in the Northern District with awards of 30-39% of common funds in class actions); *Gaskill v. Gordon*, 160 F.3d 361 (7th Cir. 1998) (awarding 38% of the fund as fees).[1]

---

[1]    *See also* Newberg On Class Actions, § 13:80 (4th ed. Updated June 2008); *First Interstate Bank of Nevada, N.A. v. National Republic Bank of Chicago*, No. 80 C 6401 (N.D. Ill. Feb. 12, 1988) (Plunkett, J.) (39% fee); *Gaskill v. Gordon*, 942 F. Supp. 382 (N.D. Ill. Sept. 30, 1996) (Williams, J.), *aff'd*, 160 F.3d 361 (7th Cir. 1998) (receivership case) (38% fee); *In re Nuveen Fund Litig.*, No. 94 C 360 (N.D. Ill. June

The Seventh Circuit "has held in a number of cases that when common funds are involved, the district court determines a reasonable fee to be paid out of the common fund, and in doing so, considers the value the marketplace would have assigned to the case at the outset." *Goodell v. Charter Communications, LLC*, No. 08-cv-512-bbc, 2010 WL 3259349 at *1 (W.D. WI. Aug. 17, 2010) (Crabb, J.) (discussing cases). *See Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007) ("In deciding fee levels in common fund cases, we have consistently directed district courts to 'do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'"), *citing In re Synthroid Mktg. Litig.,* 264 F.3d 712, 718 (7th Cir.2001); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 572 (7th Cir. 1992) (market for legal services paid on a contingency basis shows the proper percentage to apply in a class action that creates a common fund for the benefit of the class).

Here, Class Counsel's request for one-third of the Judgment is within the market rate for TCPA cases. *See G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) (fees equal to one-third of the settlement fund); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C

---

3, 1997) (Manning, J.) (33.3% fee); *In re Soybean Futures Litig.*, No. 89 C 7009 (N.D. Ill. Nov. 27, 1996) (Norgle, J.) (33.3% fee); *Liebhard v. Square D Co.,* No. 91 C 1103 (N.D. Ill. Jun. 6, 1993) (Plunkett, J.) (33.3% fee); *Goldsmith v. Technology Solutions, Co.*, 1995 U.S. Dist. LEXIS 15093 (N.D. Ill. Oct. 10, 1995) (Guzman, J.) (33.3% fee); *Hammond v. Hendrickson*, No. 85 C 9829 (N.D. Ill. Nov. 20, 1992) (Aspen, J.) (33.3% fee); *In re Caremark International Sec. Lit.*, No. 94 C 4751 (N.D. Ill. Dec. 15, 1997) (Plunkett, J.) (33% fee); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Doc. 100) (33% fee).

4

0776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Doc. 100) (fees and expenses equal to thirty-three percent of the settlement fund); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140) (fees equal to one-third of settlement fund plus additional $42,640.44 in expenses); *Holtzman v. CCH*, 07 C 7033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Doc. 33) (fees equal to one-third of the settlement fund); *CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Doc. 32-2) (fees equal to one-third of the settlement fund); *Eclipse v. U.S. Compliance*, No. 03 CH 922 (Lake County, IL, Dec. 23, 2008) (33.33% plus expenses); *G.M. Signs, Inc. v. BackHauLine*, 07 CH 758 (Lake County, IL, Dec. 10, 2009) (33.33% plus expenses); *DeRose Corp. v. Goyke Health Center*, No. 06 CH 6681 (Cook County, IL, Dec. 11, 2008) (33.33% plus expenses); *Windmill Nursing Pavilion LTD. v. Unitherm, Inc.*, No. 09 CH 16030 (Cook County, IL Dec. 17, 2010) (33.33% plus expenses); *Tabass v. Castle Screen Print Corp.*, No. 04 L 1394 (DuPage County, IL, Dec. 10, 2008) (33.33% plus expenses); *BNS, Limited v. Redondo Family Chiropractic, Inc.*, No. 09-2-19352-5 SEA (King County, WA, Nov. 30, 2010) (33.33%); *All American Painting, LLC v. Dean Weich, Inc.*, No. 09SL-CC05352 (St. Louis County, MO, June 10, 2011) (one-third plus expenses). *See also Accounting Outsourcing, LLC. v Verizon Wireless,* 2007 U.S. Dist. LEXIS 97153 (M.D. La. 2007) (awarding $2,314,328, or more than 35% of the common fund, plus costs); *Community Vocational Schools v. Turner Educational Products, LLC*, No. 0800853-31-1 (Bucks County, PA, Aug. 4, 2010) (fees of 37.96% of fund); *Locklear Electric, Inc. v. Norma L. Lay*, 09 C 0531

(S.D. Ill. Sept. 8, 2010) (Reagan, J.) (Doc. 67) (approving fees equal to one-third from future recovery from insurer); *Hinman v. M&M Rentals, Inc.*, 06 C 1156 (N.D. Ill. Oct. 6, 2009) (Bucklo, J.) (Doc. 225) (same).

Class Counsel undertook this case on a contingency basis. Courts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award. *See Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994); *Gaskill*, 160 F.3d at 363. Attorneys who create a benefit for class members are entitled to compensation for their services. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Morris B. Chapman & Assoc. v. Kitzman*, 193 Ill. 2d 560, 572-73 (2000). "When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund." *Gaskill*, 160 F.3d at 363 (7th Cir. 1998) (affirming award of 38% of $20 million), and citing *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).

Class Counsel have been litigating TCPA class actions since 2003, and have litigated other types of class actions for many more years. Docs. 89-31, 89-32. In this case, they were able to apply their unique capabilities to achieve an excellent result in a fair and efficient manner. They always faced risk of nonpayment, not only for their time but also for their out-of-pocket costs. The Court should approve attorney's fees equal to one-third of the Judgment, a payment of $1,405,000 (one-third of $4,215,000), because that percentage is within the market rate for this type of case and it is otherwise fair and reasonable under the circumstances.

**C.**     **The Incentive Payment To Plaintiff Is Reasonable and Appropriate.**

The Court should approve a $7,500 incentive award payment to Plaintiff for serving as the class representative. Courts regularly award such "incentive payments" to the persons who assume the special litigation burden of class representative and thereby benefit the entire class. *See Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998) (affirming $25,000 incentive award to class representative because "a named plaintiff is an essential ingredient of any class action, [and] an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 367 (S.D. Ohio 1990) (approving two incentive awards of $55,000 and three of $35,000 to five representatives). Here, the parties agreed an award similar to that awarded in other TCPA cases. *See CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Doc. 32-2) (approving $9,500 incentive award in TCPA settlement); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 07 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) (approving $9,500 incentive award in TCPA settlement); *Saf-T-Guard International, Inc. v. Seiko Corp. of America*, 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Doc. 100) (approving $12,000 incentive award to class representative in TCPA settlement); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140) (approving $9,500 incentive award in TCPA settlement).

Class action suits conserve judicial and litigant resources. Class representatives assume the burdens of litigation that absent class members do not

shoulder and do so without promise of a reward and with the risk that the litigation may not succeed. The class representative in this case was no exception.

But for Plaintiff's initiative and participation, the benefits available to all Class members would not have been realized. Plaintiff participated in written discovery, sat for a deposition, attended a mediation with Magistrate Judge Schenkier, and monitored and participated in the litigation. The Court should approve a $7,500 Plaintiff's incentive payment.

## D.    The Request For Case-Related Expenses Is Reasonable and Appropriate.

Class Counsel also requests reimbursement of reasonable and appropriate case-related expenses in the total amount of $25,055.90: (1) an expert witness fee ($14,000); (2) fees paid for private mediation ($3,520.43); (3) travel expenses incurred in connection with depositions and court hearings ($6,686.17); (4) class action notice costs ($100.90); and (5) transcript costs incurred in the amount of $748.40. See Declarations of Phillip A. Bock <u>Exhibit A</u>; and Brian J. Wanca <u>Exhibit B</u>.

WHEREFORE, Plaintiff respectfully requests that the Court approve: (1) a payment of attorney's fees in the total amount of $1,405,000 (one-third of $4,215,000) as attorneys fees; (2) a $7,500 incentive payment to Plaintiff, and (3) non-taxable expenses of $25,055.90 Class Counsel incurred on behalf of Plaintiff and the other class members.

Dated: September 28, 2011.                    Respectfully submitted,


By:  /s/ Tod A. Lewis

8

Counsel for Plaintiff

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500