IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, C.P.A, & ASSOCIATES LIMITED, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) | No. 08 C 2014 |
| v. | ) ) | Judge Robert W. Gettleman |
| GREGORY P. TURZA, | ) ) | |
| Defendant. | ) | |

### ORDER

On August 28, 2011, this court entered judgment for the plaintiff class against defendant Gregory P. Turza for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, in the amount of $4,215,000.00.[1] On November 9, 2011, the court entered an order approving the incentive award for class plaintiff and attorneys' fees and expenses, and designating a cy pres recipient (Doc. 266). Defendant appealed both those orders. The Seventh Circuit affirmed this court's decision on the merits but vacated the remedial order, holding that this court had improperly determined that the class was a common fund[2] and should not have designated a cy pres recipient prior to the initial distribution to class members. The case was remanded for this court to enter a new remedial order.

---

[1] The court determined the amount of judgment based on an assessment of $500 in statutory damages for each of the 8,430 times defendant successfully sent the fax to one of the class member's fax machines (Doc. 230).

[2] In its reply brief, plaintiff disputes that the Seventh Circuit made such a finding, but the court's reading of the opinion supports this conclusion. Ira Holtzman, C.P.A. v. Turza, 728 F.3d 682, 688 (7th Cir. 2013), reh'g denied (Sept. 24, 2013), cert. denied, 134 S. Ct. 1318 (U.S. 2014).

Defendant has deposited the full amount of the judgment plus post-judgment interest in an interest-bearing account,[3] and the court must now determine the proper distribution of the judgment. Plaintiff has moved for approval of the notice of judgment, fees, expenses and incentive award, and for the disbursement of funds consistent with the Seventh Circuit's opinion. In its motion, plaintiff seeks to have the funds distributed by Dahl Administration LLC ("Dahl"), and proposes the notice to be sent to class members. The proposed notice does not require class members to take any action to receive their damages except to provide a new address if the one listed was inaccurate.[4] Plaintiff asks the court to address the disbursement of any residual funds at a status date after the initial disbursement. Finally, plaintiff seeks the entry of the same amount of attorney's fees and expenses, as well as the same incentive payment initially awarded by this court.

Defendant opposes plaintiff's motion, arguing that the Seventh Circuit's order undermined all of the aspects of the court's remedial order.[5] First, defendant opposes plaintiff's suggestion of using Dahl, and instead proposes that retired District Court Judge Wayne Anderson be appointed as a special master in the case. Defendant also rejects plaintiff's

---

[3]The Seventh Circuit incorrectly speculated that defendant might not be able to pay the full judgment. However, defendant, through his insurer, had placed the full amount in an interest-bearing account.

[4]If the address is incorrect, the class member is also required to certify that they owned the fax number during the relevant time period.

[5]Defendant does not, however, object to the amount of the incentive award for the class representative. The Seventh Circuit misinterpreted this court's order for an incentive award, suggesting that such an amount could be a "disincentive payment." This court awarded the class representative $7,500.00, as well as the statutory damages to which he is entitled. Although the Seventh Circuit suggested that the court reevaluate the incentive award if necessary, reevaluation is not necessary, and that ruling will stand.

proposed class notice, arguing that each potential class member should be required to take affirmative steps to confirm their award before any distribution is made. Next, defendant opposes the calculation of attorneys' fees, arguing that there is no statutory or contractual basis for fees, and that it is inappropriate to use a percentage of the total award in a case that is not a common fund. Finally, defendant asserts that any funds remaining after the submission of claim forms should revert to defendant.

The court sees no reason to take issue with plaintiff's preferred class administrator, and defendant offers no justification for its opposition other than its unfamiliarity with Dahl. The court finds Dahl to be an acceptable administrator for the funds.

Regarding the class notice, the court accepts plaintiff's concept regarding the distribution of funds. The TCPA provides for either actual damages or statutory damages in the amount of "$500 in damages for each ... violation[,]" whichever is greater. 47 U.S.C. § 227(b)(3). Since actual damages are low, the court has awarded statutory damages: $500 for each successful transmission of the offending fax. It is unnecessary to prove receipt of the fax because, as the Seventh Circuit confirmed, "[t]he record establishes which transmissions were received and which were not." 728 F.3d at 685. The court therefore declines to require class members to complete additional steps in order to verify their claims. As set forth in plaintiff's proposed notice, checks will be sent to the addresses identified by plaintiffs. Any uncashed checks will constitute the remainder. Consistent with the appellate court's decision, the court will address the issue of how to distribute the remainder of the funds after the initial disbursement.[6]

---

[6]Plaintiff's proposed notice must also be amended to include telephone contact information for Dahl and plaintiff's counsel.

Finally, plaintiff's initial motion for attorneys' fees (Doc. 249), argued that one third of the judgment was an appropriate amount of attorneys' fees in a class fund case. Because the Seventh Circuit has explicitly held that this case is not a common fund case, the court acknowledges that a new calculation of attorneys' fees is necessary. See <u>Boeing Co. v. Van Gemert,</u> 444 U.S. 172 (1980). The class notice should be amended to note that attorneys' fees will be determined by the court after the receipt of all claims. Plaintiffs will be ordered to submit a petition for attorneys' fees consistent with L.R. 54.3 to the court at that time.

Plaintiffs are directed to submit a revised class notice consistent with this order by May 6, 2014. A report on status is set for May 13, 2014, at 9:30 a.m.

**ENTER:** April 10, 2014

_____
**Robert W. Gettleman
United States District Judge**